## 49710, 49711, 49712, 49713, 49714. AYCOCK v. POLICE COMMITTEE OF THE BOARD OF ALDERMEN OF THE CITY OF ATLANTA (five cases).

BELL, Chief Judge.

These five appeals all concern adverse personnel actions taken against the appellant, a police officer of the City of Atlanta. He was subjected to summary suspension without pay on three occasions and demoted from detective to patrolman, all of which were imposed by the Chief of Police of the City of Atlanta. He appealed these actions to the city's police committee. Prior to hearing the appeals, written charges of misconduct were served on him. The appeals and a trial on the charges were heard at the same time. The police committee denied the appeals and found appellant guilty of the written charges and discharged him from employment. All of these actions were based on violations of rules of the Police Department prohibiting a policeman from publicly criticizing the official actions of his superior officers. The

appellant's petitions for certiorari to the Fulton Superior Court were all denied. Appellant limits his appeal to this court to two basic issues. They are: (1) The constitutionality of the violated rules of the Police Department and (2) whether appellant was denied procedural due process of law. The rules are: "Patrolmen and all other members of the department are strictly forbidden from criticizing the official acts of their superior officers. . ."; and "Any member of the police force may be punished by the Police Committee of the Board of Aldermen, either by reprimand, suspension for not longer than 90 days, reduction in rank or dismissal from the force, upon conviction of any one of the following offenses: 5. Violations of any of the Rules and Regulations. 9. Conduct unbecoming an officer. 26. Publicly criticizing the official action of a superior officer." The public statements, which appellant admits making, included calling the Chief of Police a bully; criticizing the Internal Security Division of the Police Department for its handling of a particular matter; stating that the Chief of Police keeps acting like a child; and that the Chief ". . . gets hit and he keeps on hitting back. A professional policeman ought to be able to take his licks — take criticism or he ought to step down." *Held:*

1. The appellant argues that the rules which he violated are overly broad and violate his constitutional right of free speech. However, the freedom of expression guarantee under our Constitution has been consistently recognized as being narrower than an unlimited license to talk; and regulatory statutes not intended to control the content of speech but incidentally limiting its unfettered exercise are not regarded as violating the constitutional guarantee when justified by valid governmental interest. Konigsberg v. State Bar of California, 366 U. S. 36 (81 SC 997, 6 LE2d 105). A municipal police department is a para-military organization which is charged with the responsibility of protecting the public. Thus a vital public interest is involved and to satisfactorily perform this duty the employees of a police department must be governed by reasonable rules and regulations which will insure that its public mission is carried on effectively and efficiently.

"It is clear that such persons have the right under our law to assemble, speak, think and believe as they will. American Communications Assn. v. Douds, 339 U. S. 382 [70 SC 674, 94 LE 925]. It is equally clear that they have no right to work for the state in the school system on their own terms. United Public Workers v. Mitchell, 330 U. S. 75 [67 SC 556, 91 LE 754]. They may work for the school system upon the reasonable terms laid down by the proper authorities of New York. If they do not choose to work on such terms, they are at liberty to retain their beliefs and associations and go elsewhere. Has the State thus deprived them of any right to free speech or assembly? We think not. . ." Adler v. Board of Education, 342 U. S. 485, 492 (72 SC 380, 96 LE 517, 27 ALR 472) (1952). One may certainly criticize and assert charges against one's superiors but if one does so and the remarks are violative of a reasonable rule, one subjects himself to disciplinary actions. The rules in question here are reasonable and required in order to maintain good order, discipline and efficiency within a police department in order to accomplish its mission of public safety. To say that appellant was denied his freedom of speech by holding the rules in issue to be unconstitutional would enable a policeman to engage in the rankest form of insubordination, which would lead to the complete disruption and destruction of the relationship between the superior and subordinate with the concomitant impairment of an effective municipal police department.

2. The appellant also contends that he was denied procedural due process of law by the failure to grant him a hearing prior to the imposition of the suspensions and demotion by the Chief of Police; and by the failure of the police committee to make findings of fact and conclusions of law at the hearing. While appellant was not granted a pre-action hearing, he nonetheless was afforded a hearing on his appeals of these actions. If any or all of his appeals had merit he would have been restored to his former rank and awarded the pay he lost as a result of the suspensions. In Arnett v. Kennedy, 416 U. S. 134 (94 SC 1633, 40 LE2d 15), the Supreme Court of the United States in a similar situation held that procedural due process under the Fifth and Fourteenth Amendments

was not violated by the failure to grant a trial type hearing *before* rather than *after* an adverse personnel action was taken against a federal employee. Lastly, there is no merit in the claim that there was a denial of procedural due process by the failure of the police committee to make findings of fact and conclusions of law. No statutory or other authority required by city ordinance has been cited to us for this requirement. In the absence of a statute, ordinance or regulatory rule requiring findings of fact and conclusions of law, the failure of a quasi-judicial tribunal to make them does not affect the validity of its determination. *Hood v. Rice,* 120 Ga. App. 691 (5) (172 SE2d 170).

*Judgments affirmed. Quillian and Clark, JJ., concur.*

Submitted September 10, 1974 — Decided January 22, 1975 — Rehearing denied February 7, 1975 — ▉

*Scott Walters, Jr.,* for appellant.
*Henry L. Bowden, John E. Dougherty,* for appellee.