54926. In re WIGGINS.

BELL, Chief Judge.

The appellant, a Columbus police officer, appeals from an order of the superior court sustaining his dismissal for conduct unbecoming an officer and for falsification of reports. The factual basis for these charges arose out of an altercation in a tavern that occurred on September 30, 1976.

Immediately following the incident, on October 1, 1976, an internal police department investigation was conducted in which witnesses were interviewed to include the appellant. The investigation was completed on October 14, 1976 and appellant was notified in writing of the results and formally charged with the above violations of the "Police Manual." At this same time he was given an opportunity by the chief of police to respond thereto at a scheduled interview with the latter on October 21, 1976. The appellant was notified by letter on October 21, 1976 that he was dismissed from the Columbus Police Department effective that date for the violations noted in his October 14, 1976 letter. Appellant was advised of his right to appeal to the personnel review board. An appeal was filed. At this hearing all the witnesses who were interviewed in the internal police department investigation were called and they testified under oath, and appellant was afforded an opportunity to cross examine them. The chief of police also testified at this trial-type hearing. The personnel review board

sustained the dismissal. Appellant then petitioned the superior court for a writ of certiorari. The court sanctioned the writ and the personnel board answered. The court after a hearing made findings of fact and conclusions of law and overruled the petition and sustained the decision of the personnel review board. *Held:*

1. At the police department investigation appellant was not confronted by any witness who gave testimony against him and was not permitted to cross examine these witnesses prior to the date of his discharge on October 21, 1976. It is on this factor that he contends that he was denied due process of law under our Federal and State Constitutions. While he was not granted a hearing prior to the initial discharge, he was granted a trial-type hearing on his appeal before the personnel review board where he was confronted by the witnesses and afforded the opportunity to cross examine the witnesses and to offer evidence in his own behalf. In *Aycock v. Police Committee,* 133 Ga. App. 883 (212 SE2d 456) we held, citing Arnett v. Kennedy, 416 U. S. 134 (94 SC 1633, 40 LE2d 15), that due process was not violated by the failure to grant a trial-type hearing *before* rather than after an adverse personnel action was taken against an Atlanta police officer. This rule applies here and the trial court correctly concluded that appellant was not denied due process by the failure to grant him a hearing prior to the dismissal action taken against him by the chief of police.

2. Appellant also contends that he was discharged in violation of section 16B-10-6 of the Columbus Code. It provides in part ". . . Dismissals of permanent employees shall be effective only after the person to be discharged has been presented with the reasons for such discharge, specifically stated, and has been allowed a reasonable time to reply thereto in writing. The reasons and the reply shall be filed with the personnel officer. The person to be discharged shall have the right of a hearing, not precluding representation by any individual of his own choosing, before the personnel review board. . ."

It is appellant's position that under this ordinance he must be given a hearing before the personnel review board prior to his discharge and since the chief of police *discharged* him without a hearing, his dismissal was

therefore in violation of the ordinance. Columbus Code sections 17-45 and 17-57 must also be read in pari materia with the above section relied on by appellant. Section 17-45 provides: "The chief of police is hereby given the authority to discipline the members of the Columbus Police Department including discharge from the service. Any punishment beyond suspension for fifteen (15) working days is subject to appeal to the personnel review board. . ." Section 17-57 states: "The chief of police can dismiss any officer prior to a hearing by the police hearing board for: . . . (8) Conduct unbecoming an officer. . ." When these are read together, it is inescapable that appellant was not dismissed in violation of the municipal code. A reasonable construction requires the conclusion that the police chief has the power to discharge prior to a hearing by the personnel review board but the effective date of a discharge is not final until the board passes on an appeal or the employee has waived his right of appeal. Appellant argues that *McClung v. Richardson,* 232 Ga. 530 (207 SE2d 472) which discussed these ordinances controls and requires a contrary result. *McClung* held only that *if* the appellee there was discharged in violation of the provisions of section 16B-10-6, a review of the erroneous decision must be sought by writ of certiorari and not by mandamus. The record shows compliance with these ordinances and thus the dismissal was not in violation of any of them.

3. During the hearing before the personnel review board the chief of police testified that he considered appellant's past disciplinary record along with the immediate charges in determining that appellant should be discharged. The appellant states that it was error for the chief to take his past record into consideration without any prior notice to appellant that it would be considered. There is no persuasive reason why a supervisory official cannot validly consider an employee's overall past record in determining what disciplinary action should be taken for present acts of misconduct. In the absence of a specific prohibition in a regulation, ordinance, or statute this is a valid and reasonable practice.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED NOVEMBER 1, 1977 — DECIDED JANUARY 18, 1978 —
REHEARING DENIED FEBRUARY 7, 1978 —

*Moore & Szczepanski, Edward W. Szczepanski,* for appellant.

*Lennie F. Davis, Eugene Hardwick Polleys, Jr.,* for appellee.