## 58083. VANSANT v. COBB COUNTY POLICE DEPARTMENT et al.

CARLEY, Judge.

Vansant was employed as a detective with the Cobb County Police Department. On April 25, 1978, Vansant's employment was terminated, "based on [his] violation of Policy 76-6, Rule 13 (two counts), insubordination, and Rule 44 (one count), use of special test." The letter of termination stated that Vansant had been ordered by the director of the department to submit to a polygraph exam but had refused to do so. It was further stated that Vansant had disobeyed a similar order from another officer to undergo such a test.

Vansant appealed his termination to the Cobb County Civil Service Board. The board, after hearing evidence, upheld Vansant's dismissal. He then applied for a writ of certiorari to the superior court. From the order denying the writ of certiorari, Vansant appeals.

1. The first enumeration of error cites the court's failure to sustain certiorari on the grounds that "the evidence failed to show a violation of the Rules enumerated in [his] notice of discharge." By this he refers to the failure of the evidence to show his violation of "Rule 13, insubordination," and "Rule 44, use of special test." However, these rules, which are apparently part of the Uniform Code of Conduct of the General Order Manual of the Cobb County Police Department, do not appear in the record in the form of either certified copy or as an admitted element of Vansant's petition. Therefore, any error urged on the basis of the failure of the evidence to demonstrate a violation of these rules is not subject to review by this court. Cf. *City of Atlanta v. Whitten,* 144 Ga. App. 224 (240 SE2d 771) (1977) and cits.

2. Vansant also asserts that the Civil Service Board was biased against him. At the hearing before the board, Vansant moved to disqualify only one member on the ground of bias and prejudice against him. This member was questioned by all parties and by his answers indicated that he had not prejudged the case and would be impartial in the matter before the board. Subsequently this member was one of two who voted in favor of Vansant

and to disaffirm the department. Under these circumstances we are unable to find bias. Vansant cites other portions of the transcript of the hearing before the board, in which he argues the bias and prejudice of its other members are demonstrated. "Whether or not one is deprived of the fundamental right to a fair hearing depends upon the facts of each case. We have carefully examined the record in this case including the various statements of the [board members cited by Vansant as biased] and the banter between [the members and counsel for Vansant]. We conclude that this record does not show such bias or prejudice sufficient to result in a denial of due process to [Vansant]." *Brownlee v. Williams,* 233 Ga. 548, 556 (212 SE2d 359) (1975). We, therefore, conclude there was no error.

3. Vansant argues that he should have been granted a hearing prior to his initial dismissal from the department. Failure to rule in his favor on this ground is cited as error. Pretermitting the question of whether by failing to urge this ground before the board, Vansant was precluded from raising it in his petition (see, e.g., *Southern Pacific Co. v. Davison-Paxon Co.,* 45 Ga. App. 719 (1) (165 SE 862) (1932)), the argument advanced by Vansant has been rejected. "[D]ue process [is] not violated by the failure to grant a trial-type hearing *before* rather than after an adverse personnel action [is] taken . . ." *In re Wiggins,* 144 Ga. App. 707, 708 (1) (242 SE2d 290) (1978) and cits.

4. Vansant contends that the board should have made appropriate findings of fact and conclusions of law. "[T]here is no merit in the claim that there was a denial of procedural due process by the failure of the police committee to make findings of fact and conclusions of law. No statutory or other authority required by city ordinance has been cited to us for this requirement. In the absence of a statute, ordinance or regulatory rule requiring findings of fact and conclusions of law, the failure of a quasi-judicial tribunal to make them does not affect the validity of its determination. [Cit.]" *Aycock v. Police Committee,* 133 Ga. App. 883, 886 (212 SE2d 456) (1975).

5. Vansant enumerates as error the superior court's adverse ruling with regard to Vansant's contention that

the "Board unlawfully delegated authority to render decisions in the case before it to the attorney for the Board . . ." We are cited to portions of the transcript of the hearing before the board in which the board's attorney made certain statements and engaged in colloquies with Vansant's counsel. We have studied the record and conclude that, as was the case in *Brownlee v. Williams,* 233 Ga. 548, 555 (3), supra, it does not support the argument that the board "unlawfully delegated [its duty to make judgments to its attorney]." There was no error.

6. Vansant contends that his dismissal for failure to obey an order to submit to a polygraph test violated his Fifth Amendment protection against self-incrimination and that the court should have so held by sustaining his petition on this ground. It does not appear from the record that this issue was raised at the hearing before the board. "Where constitutional issues are raised for the first time in the superior court on certiorari from a judgment of an inferior tribunal, the superior court cannot consider, nor can this court review, the constitutional questions thus sought to be made. [Cits.]" *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86, 90 (3) (123 SE2d 420) (1961).

7. For the reasons discussed above, the court did not err in dismissing the certiorari.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted July 2, 1979 — Decided September 5, 1979.

*H. Darrell Greene,* for appellant.
*Ben F. Smith, Lynn A. Downey,* for appellees.