### 36374. NEWSOME v. RICHMOND COUNTY et al.

Nichols, Justice.

The trial court sustained Richmond County's motion to dismiss Newsome's complaint. Newsome appealed. This court affirms.

Newsome's mandamus complaint sought money damages against the county for abolition of his employment position as clerk of the county commission. Count one of his complaint alleged violation of his tenure rights under Section 9 of Ga. L. 1937-38, Ex. Sess., p. 875, in that the position of clerk was abolished in bad faith as a subterfuge to discharge him. The 1937 local act creates tenure rights for certain county employees, including the commission clerk, provides for their discharge only for stated causes, and provides for right of hearing after statement of charges, if requested. Section 9 states: "Nothing herein contained shall restrict the right of said board to abolish any position held by any permanent employee when such position or office, in its judgment is no longer necessary,

provided, however, that if the abolition of a position is resorted to as a subterfuge to discharge such employee, and was not justified, such employee shall have his action therefor as for a breach of contract." Count two of the complaint sought the same relief based upon Ga. L. 1972, p. 3912, which establishes a merit system for Richmond County employees, including the commission clerk.

The complaint attacked Ga. L. 1974, p. 2320, and Ga. L. 1974, p. 2332 (which sought to exclude the clerk's position from the 1937 Tenure Act and from the 1972 Merit System Act) on the ground that those acts violated the impairment clauses and due process clauses of the state and federal constitutions and the taking clause of the state constitution by depriving Newsome of rights vested under the 1937 and 1972 Acts.

The trial court's order applied, adversely to Newsome, two home rule ordinances enacted by the county commission in 1977 and 1979. The ordinance of 1977 (Ga. L. 1978, p. 4721) repealed the 1937 Tenure Act and substituted in lieu thereof a personnel system covering all county employees except the commission clerk and a few other positions. The ordinance of 1979 (Ga. L. 1980, p. —-) abolished the position of commission clerk and substituted in lieu thereof the position of county administrator.

1. The motion to dismiss the appeal because Newsome filed a 52 page brief without first obtaining special permission under our Rule 40 is denied. Rule 9. Special permission is granted under Rule 40 for the appellant's original brief to be filed due to the complexity and novelty of the issues presented for decision. See Rule 41.

2. Newsome first contends broadly that he has a property right in his employment. He then narrows his position substantially by conceding that independent of Section 9 of the 1937 Tenure Act, or some similar statute, his job could be abolished. "What plaintiff does contend is that his job could not be abolished in a manner or for reasons contrary to Section 9." The issue he presents is whether the 1937 Act may be repealed as to him so as to deprive him of the right and remedy of an action for breach of contract asserting that the employment position of clerk to the commission was abolished without justification and in bad faith as a subterfuge to discharge him.

The cases upon which Newsome relies do not support his claim. Our decisions and those of the federal courts typified by *Brownlee v. Williams,* 233 Ga. 548, 551 (212 SE2d 359) (1975), which *say* that public employees have a property interest in their continued employment, merely *hold* that there are due process safeguards in dismissal cases. Those cases do not preclude the revision or repeal of civil service or tenure laws. *Smith v. Board of Commissioners,* 244 Ga.

.133 (259 SE2d 74) (1979). Neither are our retirement statute decisions such as *Bender v. Anglin,* 207 Ga. 108 (60 SE2d 756) (1950), in point. The contractual right of public employees to receive deferred compensation in the form of retirement benefits is protected by our constitution. *Withers v. Register,* 246 Ga. 158 (1980). However, Newsome had no contractual right to insist that his status as a tenured employee under the Act of 1937 be continued. Hence, legislative repeal of Newsome's right and remedy under Section 9 did not impair the obligation of any contract.

For the reasons stated in this opinion, the trial court properly sustained Richmond County's motion to dismiss Newsome's complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 8, 1980 — DECIDED SEPTEMBER 9, 1980.

*E. Freeman Leverett,* for appellant.
*Robert C. Daniel, Jr.,* for appellees.