## 62454. CITY OF ATLANTA v. MAHONY et al.

PoPE, Judge.

This is an appeal from an order of the Superior Court of Fulton County which granted appellees' (Mahony, McCannon and Shutterworth) petition for writ of certiorari and entered judgment in their favor against the City of Atlanta. Each of the appellees are former City of Atlanta employees who had been with the city 16, 19 and 14 years respectively. They alleged that, in continuing employment with the city, they relied upon the provisions of the City of Atlanta Civil Service Rules and Regulations, Chapter XIII, Section 4(c), guaranteeing that a regular employee, when laid off, may "retreat" to the position and class from which such employee was promoted or advanced. On January 25, 1980 a newly enacted city ordinance replaced Chapter XIII, Section 4(c) with a new section 4(c) which provided that laid-off employees shall have their names entered on a special re-employment list and that such laid-off employees shall take precedence over all applicants on the job eligibility list for the class in which the employee last served.

On February 12, 1980 the Atlanta City Council enacted an ordinance abolishing the positions held by the three appellees and terminating their employment. The appellees filed grievances with the Atlanta Civil Service Board, which voted to uphold the abolishment of their positions. Appellees secured review of their case in Fulton County Superior Court by writ of certiorari. After a hearing, the trial court held (1) that the "retreat" provision created, in appellees, a vested interest in a property right to which due process guarantees attached, and (2) that by denying appellees their property interest without due process of law, the city's action amounted to a violation of their rights under Article 1, Section 1, Paragraph III of the Georgia Constitution and the 5th Amendment of the U. S. Constitution.

There can be no doubt that employees who are under the City of Atlanta Civil Service Act have a property interest in their continued employment. This right is constitutionally protected. *Brownlee v. Williams*, 233 Ga. 548 (1) (212 SE2d 359) (1975). However, such rights are not constitutionally protected from ever being changed. *Newsome v. Richmond County*, 246 Ga. 300 (271 SE2d 203) (1980). When it is determined by the duly elected city officials that the best interests of the public can be served by discontinuing certain procedures for reassignment or rehiring employees, the public interest overrides whatever interest individual employees may have. *Smith v. Board of Commrs.*, 244 Ga. 133 (4) (259 SE2d 74) (1979).

Vested proprietary rights may be affected, even revoked or

terminated, but only in accordance with constitutional standards of due process of law. *Brownlee v. Williams,* supra. Appellees argue that their due process guarantees in this case were: (a) notice, (b) an opportunity to be heard before their termination, and (c) compliance with the "retreat" provisions of the city ordinance which was repealed. Appellees admit proper notice, but deny that they had an opportunity to be heard prior to their termination. However, the *Brownlee* case held that an evidentiary hearing subsequent to discharge meets the requirements of due process. *Vansant v. Cobb County Police Dept.,* 151 Ga. App. 220 (3) (259 SE2d 205) (1979); *In re Wiggins,* 144 Ga. App. 707 (1) (242 SE2d 290) (1978); *Aycock v. Police Committee of the Bd. of Aldermen,* 133 Ga. App. 883 (2) (212 SE2d 456) (1975).

The repeal of the "retreat" provision and the abolition of appellees' positions does not, in and of itself, violate any constitutional guarantees, so long as such action is not taken as a subterfuge merely to single out and discharge particular employees. *City Council of Augusta v. Stelling,* 80 Ga. App. 84 (55 SE2d 649) (1949). Assuming appellees possessed via the "retreat" ordinance an expectation of continued employment protected by constitutional due process guarantees, the hearing subsequent to their termination sufficiently protected these rights. The record, adduced during appellees' Civil Service Board hearing, shows that the "retreat" ordinance was unworkable due to the fact that it did not contain sufficient guidelines for implementation, that it was not cost effective, that there would have been about five employees affected for each one position to be abolished, that approximately 160 positions were affected and finally that the positions of appellees and others were abolished in an attempt to provide a more efficient operation in the city's Department of Budget and Planning.

The Civil Service Act was not meant to, nor does it, deal with terminations based on budgetary concerns. *Smith v. Board of Commrs.,* supra. Here there is no constitutional guarantee to the absolute perpetuation of the "retreat" provision, but only due process safeguards which were sufficiently afforded.

For all these reasons the order of the trial court is reversed.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Marva J. Brooks, Gary S. Walker,* for appellant.

*Paul S. Liston, Charles L. Barrett III,* for appellees.