40517. CLARK v. STATE PERSONNEL BOARD et al.
40518. STEPHENSON v. STATE PERSONNEL BOARD et al.

CLARKE, Justice.

The primary issues in this appeal are whether a legislative act removing a position from merit system classification is constitutional and whether under the act the state is authorized to move an employee holding the previously classified position to a lower position. Additionally, we face questions regarding the procedures for demoting state employees under the merit system.

Before 1982 the highest merit system position in the Department of Public Safety was that of major. In 1982 OCGA § 45-20-2 (Code Ann. § 40-2202) was amended so as to remove the rank of major in the Department of Public Safety from classified status under the state merit system. At the time of this action there were six majors in the department. Four of these officers were offered and accepted the newly unclassified position of major. Appellants were not offered the position of major but were offered the highest merit position available, captain. Appellants contested this action, and the Superior Court of Fulton County affirmed the adverse administrative decision of the State Personnel Board. We reverse.

Appellants contend that the act relied upon is unconstitutional as special legislation and as a law impairing the obligation of contracts. Appellants also argue that the Department of Public Safety violated their rights by its failure to follow the regulations of the State Personnel Board.

The issues presented in this case may be divided into three categories: threshold, substantive and procedural. The threshold issue is whether the 1982 statute offends the constitutional prohibition against special legislation. The substantive issue is whether the statute unconstitutionally impairs the contractual rights of Clark and Stephenson. The procedural issue is whether the demotion of Clark and Stephenson was accomplished within the provisions of their contract as a result of the state's compliance with the existing State Merit System Act and rules and regulations properly promulgated under it.

1. Dealing with the first question, we recognize that general laws must have uniform operation and cannot be varied by a special law. Art. I, Sec. II, Par. VII, of the 1976 Constitution of Georgia (Code Ann. § 2-207). We do not, however, find the statute in question here to be special in nature. The merit system is a comprehensive scheme dealing with state employees in a wide range of jobs. The diversity of jobs and employees covered by or excluded from the act defies uniform treatment. The amendment to the merit system which deals with only one category of positions does not constitute forbidden special legislation because it relates to a position and not to an individual. As such, it has general application.

2. The substantive issue of whether the 1982 amendment to the Merit System Act unconstitutionally impairs the contractual rights of the appellant presents an intriguing question. We begin with the words of the constitution: "No bill of attainder, ex post facto law, retroactive law, or law impairing obligation of contracts, or making irrevocable grant of special privileges or immunities, shall be passed." Art. I, Sec. I, Par. VII, 1976 Constitution of Georgia (Code Ann. § 2-107).

From this point, we proceed to consider the several questions involved in a determination of whether the 1982 amendment to the Merit System Act as applied to Clark and Stephenson offends the constitution. The first question is whether the Merit System Act amounts to a contract between the state and merit system members so as to vest rights in the members. Second, there is the question of whether the Merit System Act may be constitutionally amended to declassify a position. Finally, we must consider the effect of declassification upon persons presently holding an affected position.

(a) Among the stated purposes for enactment of the Merit System Act was the establishment of a system of personnel administration based on merit principles and scientific methods governing the classification of positions and the employment, conduct, movement, and separation of public officers and employees. The legislature declared a further purpose to be to build a career service in government which would attract, select and retain the best employees on the basis of merit, free from coercive political influences. In order to achieve these purposes, the merit system would afford reasonable job security for the competent employee and a systematic classification of all positions through adequate job evaluation. OCGA § 45-20-1 (Code Ann. § 40-2201). The Act goes on to use such phrases as "merit system protection" (OCGA § 45-20-6(e) (Code Ann. § 40-2206)) and provides that permanent status employees may not be dismissed or otherwise adversely affected as to

compensation nor employment status except by action taken in accordance with the rules and regulations of the State Personnel Board. OCGA § 45-20-8(a) (Code Ann. § 40-2207).

To say that the Merit System Act does not create a constitutionally protected contract between the merit system members and the state would overlook the obvious purpose of the Act itself. We, therefore, hold that the Act is the basis of such a contract.

(b) This leads to the question of whether a position once classified under the merit system may be declassified by subsequent legislation. We answer this question in the affirmative. We have repeatedly held that legislation providing systems for public employment are subject to amendment or even repeal. *Newsome v. Richmond County,* 246 Ga. 300 (271 SE2d 203) (1980); *Smith v. Board of Commrs.,* 244 Ga. 133 (259 SE2d 74) (1979); *Fulton County v. Spratlin,* 210 Ga. 447 (80 SE2d 780) (1954). The Merit System Act was never intended as a protection of positions. It is instead legislation which provides a system for a more stable government administered by persons who are protected from political whim. It therefore amounts to a system which protects people and not positions.

(c) Clark and Stephenson held the position of major. This position was a classified one. We have held that the legislature may declassify any previously classified position. We must look now to the effect that such an act has upon Clark and Stephenson. Since we have held that the Merit System Act amounts to a contract between the members and the state, it logically follows that as parties to the contract, merit system members are entitled to such rights as the Merit System Act affords them at the time they assume a classified position. Plainly stated, Clark and Stephenson could be demoted from the rank of major to the rank of captain but only in compliance with the Merit System Act as it existed at the time they assumed the rank of major.

3. The procedural issue to be decided in this case is whether the Department of Public Safety followed the Merit System Act and the rules and regulations of the State Personnel Board in demoting Clark and Stephenson.

The State Personnel Board is authorized to adopt, with the approval of the Governor, rules and regulations to effectuate the state merit system. There is a requirement that the rules and regulations include provisions for procedures for the demotion and separation of merit system members. OCGA § 45-20-4(3) (Code Ann. § 40-2205).

The State Personnel Board Rules and Regulations make provision for laying off or reduction in grade of employees when it

becomes necessary by reason of shortage of work or funds, abolition of a position, other material change in duties or organization, or otherwise. State Personnel Board Rules and Regulations, Sec. 12.600. The statute under review here is one which declassifies a position and effects a reorganization. Therefore, the action taken by the Department of Public Safety falls under the provisions of the rules and regulations.

The remaining question is whether the Department complied with all of the requirements of the rules and regulations in reducing the rank of the appellants. These requirements are set out in Regulation D, Reduction in Force Procedure of the State Personnel Board Rules and Regulations. Under this regulation, the first duty of a department is to submit a proposed plan to the commissioner of personnel administration. Such a plan was submitted in this case and approved. Following approval, Regulation D requires written notice to be given the affected employee before any action is taken to effect separation or involuntary demotion. In this case, Clark and Stephenson were notified of their reduction in rank on the same day on which the order reducing their rank to captain was issued. The use of the word "before" in Par. D.103.3 of State Personnel Board Rules and Regulations is unmistakable in its meaning. It means that no action can be taken to effect a separation or involuntary demotion unless prior written notice has been given. Since the notice and the order of demotion took place on the same day, it cannot be said that Regulation D was complied with, and we therefore reverse.

*Judgment reversed. All the Justices concur, except Hill, C. J., who concurs in the judgment only.*

DECIDED APRIL 17, 1984 —
REHEARING DENIED MAY 16, 1984.

*Killorin & Schroder, Edward W. Killorin, Nathaniel G. Slaughter III,* for appellants.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Victoria H. Soto, Assistant Attorney General,* for appellees.