## 43971. TANNER v. FREEMAN.
(356 SE2d 201)

CLARKE, Presiding Justice.

The question here is whether a state employee whose position has been abolished pursuant to a valid reduction in force and who is offered a position at a lower salary has been "separated" within the meaning of OCGA § 47-2-123, the involuntary separation retirement benefit section of the retirement and pension law for state employees.

Mr. Freeman worked for eighteen years as an area supervisor for the Department of Labor. In 1984 the Department of Labor attempted to demote Mr. Freeman for cause. He was ordered reinstated to his former position by the State Personnel Board. In 1985, pursuant to a reduction-in-force plan, the position of area supervisor was abolished. At this time Mr. Freeman was the only area supervisor in the Department of Labor. He was given a position with a lower salary and less responsible duties. Mr. Freeman appealed to the State Personnel Board. An administrative hearing officer found that the reduction-in-force plan was valid and that the Department of Labor had not violated any regulation.

Following an appeal from the hearing officer's decision, the State Personnel Board found that although the reduction-in-force plan through which Mr. Freeman was demoted was valid, the Department of Labor had violated the procedure outlined in OCGA § 47-2-123 of the Employees' Retirement System Act. The State Personnel Board found that since Mr. Freeman was not separated in accordance with applicable law he must be reinstated to the same grade and class which he occupied before his demotion or to an equivalent class at the same grade. The Superior Court of Chatham County affirmed the decision of the State Personnel Board. The court found that although Mr. Freeman's position as area supervisor was abolished pursuant to a valid reduction in force, he had been separated from his position

through discretionary termination. The court found that the issue of the applicability of OCGA § 47-2-123 et seq., was raised before the State Personnel Board, which was the agency charged under OCGA § 45-20-9 with the ultimate decision as to the validity of the termination and found that inasmuch as the State Personnel Board had determined as a matter of fact that the Department of Labor had failed to comply with OCGA § 47-2-123 (h), the decision of the State Personnel Board to reinstate Mr. Freeman would be sustained.

The Department of Labor applied to the Court of Appeals for a discretionary appeal, and upon denial of its application sought a writ of certiorari from this court. We granted certiorari and reverse.

Appellee here elected to seek reinstatement to his position as area supervisor. He used the administrative appeal system provided in OCGA § 45-20-1 et seq., which sets forth the State Merit System of Personnel Administration, to attack the abolition of his position and his demotion. The reduction in force which resulted in appellee's demotion was found valid by the State Personnel Board and the superior court. We have held that a valid reduction in force does not constitute a violation of the constitutional guarantee against impairment of contracts as long as the employee is given all the rights the Merit System gave him at the time of his employment. Further, there is no violation of the guarantee of due process of law as long as the procedures of the Merit System Act and the rules and regulations of the State Personnel Board are followed. *Clark v. State Personnel Bd.*, 252 Ga. 548 (314 SE2d 658) (1984).

Appellee does not seek involuntary separation benefits provided by OCGA § 47-2-2 of the Employees' Retirement System of Georgia. When the only issue is reinstatement and when the procedure followed to achieve this remedy is an appeal to the State Personnel Board and not the Employees' Retirement System, the technicalities of OCGA § 47-2-123 do not come into play. When an employee elects to appeal to the State Personnel Board, the procedures mandated by OCGA § 45-20-1 et seq. are the applicable procedures. Therefore, the State Personnel Board erred in insisting that appellee must be reinstated because of the Department of Labor's failure to follow the procedures of OCGA § 47-2-123 (h) of the Employees' Retirement System Act, and the superior court erred in affirming the board's decision. The procedures in question are applicable only where benefits under the act are sought. Appellee, who has been subjected to a valid reduction in force, is not entitled to reinstatement to his former position.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

148

DECIDED MAY 19, 1987 —
RECONSIDERATION DENIED JUNE 17, 1987.

*Michael J. Bowers, Attorney Genera, Rita J. Llop, Assistant Attorney General,* for appellant.
*Harmon, Owen, Saunders & Sweeney, Timothy J. Sweeney,* amicus curiae.
*Walter W. Ballew III,* for appellee.
*Morgan M. Robertson,* amicus curiae.