A90A0408. ALLEN v. NASH.
(394 SE2d 395)

McMURRAY, Presiding Judge.

On January 6, 1988, plaintiff brought a conversion action against defendant in the State Court of DeKalb County. Defendant was served with a copy of the complaint and summons the same day. No answer was filed and the case went into default. Ultimately, the case was tried by the court (with regard to damages) and, on August 11, 1988, judgment was entered in favor of plaintiff and against defendant in the amount of $12,000 principal, $1,000 punitive damages and $500 attorney fees.

About one month later, on September 9, 1988, defendant filed a "motion to set aside" the judgment. In support of his motion, defendant filed an affidavit in which he deposed that after he was served he went to the Clerk of the State Court "to find out what the papers meant"; that he was told that no court date was set and he needed to speak with plaintiff's attorney; that he went to the solicitor's office and was told he needed to go to Legal Aid; that he went to Legal Aid but was told he did not qualify for their legal services; and that he decided to represent himself. Defendant also deposed that he talked to plaintiff's attorney and was told the case would go to trial; that he

"never got anything in the mail about when to come to court"; and that he thought he answered the complaint when he "reported to the State Court Clerk and . . . called [plaintiff's attorney]."

On November 1, 1988, the trial court granted the motion to set aside and the case went to trial again. At the outset of the second trial, the trial court was asked to explain its ruling upon defendant's motion to set aside. The trial court offered that the motion to set aside had been treated as a motion to open default and that, therefore, the default was opened pursuant to OCGA § 9-11-55 (b).

Upon the conclusion of the second trial, the jury rendered a verdict in favor of plaintiff and against defendant in the amount of $2,500. Judgment was entered accordingly and we granted plaintiff's application for a discretionary appeal. In her sole enumeration of error, plaintiff contends the trial court erred in granting defendant's motion to set aside. *Held:*

1. "Once a final judgment is entered, the provisions of OCGA § 9-11-55 (b) (Code Ann. § 81A-155) regarding the opening of default are inapplicable, *Murray Constr. Co. v. Tuxedo &c. Co.*, 149 Ga. App. 101, 102 (253 SE2d 465) (1979), and the case proceeds under OCGA § 9-11-60 (d) (Code Ann. § 81A-160)." *Archer v. Monroe*, 165 Ga. App. 724, 725 (2) (302 SE2d 583). Accord *Anderson v. Bibb Supply Co.*, 188 Ga. App. 817 (374 SE2d 556).

2. OCGA § 9-11-60 (d) provides: "A motion to set aside may be brought to set aside a judgment based upon: (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings. . . ."

In the case sub judice, the only possible basis for setting aside the judgment pursuant to OCGA § 9-11-60 (d) is the second ground — fraud, accident or mistake or the acts of the plaintiff unmixed with the negligence or fault of defendant. (This ground is derived from a previous edition of OCGA § 9-11-60 (e) which read: "Complaint in equity may be brought to set aside a judgment for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant." Ga. L. 1966, pp. 609, 663) The present edition of the Code section prohibits the use of a complaint in equity to set aside a judgment. Ga. L. 1986, pp. 294, 297.

We find no evidence which would authorize the setting aside of the original judgment pursuant to OCGA § 9-11-60 (d) (2). The case went into default and to judgment simply because defendant failed to file a written answer to the complaint and to keep abreast of court calendar notices. He has no one to blame for the entry of judgment but himself and, therefore, the judgment cannot be set aside. As it is said: "[A] judgment cannot be set aside . . . if rendition of the judg-

ment is mixed with the negligence of the complainant." *Cooper v. Mesh*, 247 Ga. 82, 83 (274 SE2d 335). See also *McNally v. Stonehenge, Inc.*, 242 Ga. 258 (248 SE2d 653).

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*King, Moriss, Talansky & Witcher, Joseph H. King, Jr.*, for appellant.

Edgar Lee Nash, *pro se.*