A92A1540. COHILAS et al. v. CLAYTON COUNTY BOARD OF COMMISSIONERS et al.
(424 SE2d 651)

POPE, Judge.

The plaintiffs/appellants in this case are two public safety employees of Clayton County and two employee organizations. The two individual plaintiffs are civil service employees of Clayton County. The plaintiffs brought this action for declaratory and injunctive relief against the Clayton County Board of Commissioners and Clayton County (hereinafter collectively referred to as the "Commissioners") challenging as unlawful the adoption by the Commissioners of certain amendments to the Rules and Regulations of the Clayton County Civil Service System ("Civil Service Rules") concerning the promotion process for public safety employees. Specifically, plaintiffs challenge the authority of the Commissioners to amend the Civil Service

Rules without first obtaining a recommendation from the Civil Service Board to so amend the Civil Service Rules. The Commissioners moved for summary judgment and the trial court granted that motion. Plaintiffs appeal.

1. We will consider plaintiffs' first two enumerations of error together. Plaintiffs contend the trial court erred as a matter of law in holding that the Commissioners could unilaterally amend the County's Civil Service Rules and by failing to grant the plaintiffs declaratory relief to the effect that the Commissioners could not lawfully amend the County's Civil Service Rules without the recommendation of the Clayton County Civil Service Board.

Relying on Section 6 of the Act authorizing the creation of the Civil Service System in Clayton County, Ga. L. 1963, p. 2747, as amended, (the "Act"), plaintiffs argue the Clayton Civil Service Board must make recommendations to the Commissioners concerning amendments to the Civil Service Rules before the rules can validly be amended. In subparagraph (a) of Section 6 of the Act, the Civil Service Board is charged with the responsibility of holding public hearings regarding proposed rules and regulations for the Civil Service System and to "thereafter recommend to the governing authority of Clayton County the adoption of rules and regulations and standards effectuating the civil service system established under this Act." The parties do not dispute that the Act contemplates a recommendation by the Civil Service Board to the Commissioners concerning the initial Civil Service Rules that were implemented when the Clayton County Civil Service System was established. Plaintiffs, however, argue that subparagraph (d) of Section 6 of the Act also contemplates that the Civil Service Board is required to make recommendations concerning amendments, additions to and changes to the Civil Service Rules. Subparagraph (d) provides: "Said board *shall be authorized* to make recommendations as to amendments, additions to, and changes in said rules and regulations from time to time and when said amendments, changes, or additions are adopted by the governing authority of Clayton County, said amendments shall have the force of law and be binding on all parties affected by said civil service system." (Emphasis supplied.)

We hold the trial court correctly concluded the plaintiffs' argument that the Civil Service Board must recommend amendments and changes to the Civil Service Rules before the rules can be amended by the Commissioners is without merit. Subparagraph (d) does not contain the mandatory language contained in subparagraph (a) of Section 6. The plain language of subparagraph (d) *allows* the Civil Service Board to make recommendations concerning changes and amendments, but does not *require* a recommendation from the Civil Service Board before the Commissioners can legally adopt amend-

ments to the Civil Service Rules.

We are likewise not persuaded by plaintiffs' argument that the previous course of conduct between the Civil Service Board and the Commissioners gives rise to a vested interest by plaintiffs in a certain procedure. Nor are we persuaded by plaintiffs' policy arguments. We presume the Georgia legislature was familiar with the policies that gave rise to civil service systems, but in the enabling legislation allowing for the creation of the Civil Service Board, the Georgia legislature delegated only limited powers to effect personnel rules and regulations to the Civil Service Board. If the legislature's intent had been to delegate to the Civil Service Board the broad powers advocated by plaintiffs, they would have included those powers in the Act.

2. Plaintiffs argue the trial court erred by refusing to find a breach of contract occurred when the Commissioners unilaterally amended the Civil Service Rules without the recommendation of the Civil Service Board. As the trial court correctly noted, any claim of breach of contract is premised on plaintiffs' contention that the Commissioners lacked authority to amend the Civil Service Rules without a recommendation from the Civil Service Board. Because we hold the Commissioners had authority to amend the Civil Service Rules without a recommendation from the Civil Service Board, plaintiffs' breach of contract claim also must fail.

3. In plaintiffs' final enumeration of error they assert the trial court erred in determining that they did not possess a property interest in the Civil Service Rules. In analyzing this claim, it is important to note that plaintiffs are not asserting a claim in continued employment, as is typical of procedural due process claims arising from employment situations, but rather seek to establish a property interest in the Civil Service Rules, particularly those concerning promotions for public safety employees which were recently amended by the Commissioners. We hold plaintiffs have failed to state a substantive basis for their property interest claim. Plaintiffs fail to cite and we are aware of no authority which establishes a vested right to a promotion or to a certain promotion procedure. "[A] prospective promotion is not a property or liberty interest protected by the fourteenth amendment." *Wu v. Thomas*, 847 F2d 1480, 1485 (11th Cir. 1988), cert. denied sub nom., *Wu v. Board of Trustees of Univ. of Ala.*, 490 U. S. 1006 (109 SC 1641, 104 LE2d 156) (1989). Moreover, a civil service employee's property rights are not violated when a governing authority acts within its power to amend civil service rules in a manner that is non-discriminatory in nature.

The cases relied upon by plaintiff are factually inapposite to this case. In *Clark v. State Personnel Bd.*, 252 Ga. 548 (2) (314 SE2d 658) (1984), our Supreme Court was not faced with the issue of whether plaintiffs had a protected property interest. See *Brown v. Ga. Dept. of*

*Revenue*, 881 F2d 1018, 1024 (11th Cir. 1989). However, as our Supreme Court recognized in *Clark*, merit systems of employment such as the Clayton County Civil Service System protect persons rather than positions. *Clark*, 252 Ga. at 550 (2) (b). Because plaintiffs did not show how they personally have been detrimentally effected by the change in the promotion process for public safety personnel, under the rationale of *Clark* they have failed to show how any property interest they may have in the Civil Service Rules has been violated.

The *Brown* decision, which is also relied upon by plaintiffs, is factually distinguishable from this case. In that case, the asserted property right was in plaintiff's continued employment with the Georgia State Merit System. Plaintiff made a factual showing he had been dismissed without being afforded a hearing by the State Personnel Board and that the State Merit System required dismissal for cause. *Brown*, 881 F2d at 1024-1028. As is discussed fully in Division 1, plaintiffs have made no showing that the Commissioners are without power to amend the Civil Service Rules until they first receive the recommendation of the Civil Service Board to so amend the rules. Furthermore, plaintiffs do not allege any personal harm, e.g., that they have been denied a promotion under the promotion policies as amended by the Commissioners. Accordingly, plaintiffs' reliance on *Brown* and *Clark* is misplaced.

Plaintiffs also rely upon *McIntosh v. Weinberger*, 810 F2d 1411 (8th Cir. 1987), vacated sub nom., *Turner v. McIntosh*, 487 U. S. 1212 (108 SC 2861, 101 LE2d 898) (1988), on remand, 861 F2d 524 (8th Cir. 1988), cert. denied sub nom., *McIntosh v. Carlucci*, 487 U. S. 1217 (108 SC 2870, 101 LE2d 905) (1988). In *McIntosh*, the plaintiffs brought suit alleging discrimination on the basis of race, national origin, and age in certain promotion actions of Automated Logistics Management Systems Activity, a branch of the United States Army. In addressing the plaintiffs' procedural due process claim in that case, the Eighth Circuit Court of Appeals examined the argument within the context of whether a certain individual defendant was entitled to qualified immunity from plaintiffs' constitutional tort claim against him. Although the Eighth Circuit Court of Appeals initially allowed plaintiffs' claim against the individual defendant, the plaintiffs in this case failed to point out in its briefs to this court that the original appellate decision in *McIntosh* was vacated by the United States Supreme Court. *Turner v. McIntosh*, supra. On remand, the Eighth Circuit Court of Appeals reversed its position that plaintiffs had stated a constitutional tort claim against the individual defendant and adopted the rationale set forth in *Spagnola v. Mathis*, 859 F2d 223 (D. C. Cir. 1988) (per curiam) (en banc). *McIntosh v. Turner*, supra, cert. denied sub nom., *McIntosh v. Carlucci*, supra. Because the original decision by the Eighth Circuit Court of Appeals in *McIn-*

*tosh* has been vacated and that court later reversed its decision, the first appellate decision in that case does not offer support for plaintiffs' contention that they have a property interest in the Civil Service Rules.[1] We hold the trial court correctly concluded plaintiffs failed to establish a protected property interest under the facts of this case.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 2, 1992.

Kirwan, Goger, Chesin & Parks, A. Lee Parks, Harlan S. Miller III, W. Drummond Deveney, for appellants.
*Foster & Foster, Larry A. Foster,* for appellees.

---

[1] Even if the original appellate opinion in *McIntosh* had not been vacated, the strong factual distinctions between this case and *McIntosh* make the original opinion in that case weak authority for plaintiffs' position at best. In this case, the Commissioners have acted within their authority in amending the Civil Service Rules concerning promotions of public safety employees. In *McIntosh,* the promotion process was undermined when the true results of an investigation of the promotion system were subverted. *McIntosh v. Weinberger,* supra, 810 F2d at 1433. Also, in that case the evidence permitted the conclusion that if the official had reported the results of the promotion reconstruction investigation, which he concealed and destroyed, corrective action would have been taken and the plaintiffs would have received the promotions they sought. Id. at 1436. Plaintiffs in this case, however, have not alleged or shown personal injury.