A93A1426. FERROS et al. v. GEORGIA STATE PATROL et al.
(438 SE2d 163)

SMITH, Judge.

Michael Ferros and William Smith brought suit against the Georgia State Patrol and various other state agencies and officers, alleging claims for violation of their constitutional rights under 42 USC § 1983, breach of contract, and negligent classification, and seeking permanent positions as lieutenants in the State Patrol, back pay, and attorney fees. They appeal from the trial court's grant of summary judgment to the defendants. Pursuant to OCGA § 5-6-34 (d), they also seek review of an earlier order vacating a grant of default judgment against the defendants.

Ferros, Smith, and Carl Shaw are pilots who were sergeants in the Aviation Unit of the Special Operations Division of the State Patrol, commanded by Captain Chumley. In 1985, Colonel Hugh Hardison, who then headed the State Patrol, designated all three as "acting" lieutenants in the Aviation Unit. It is undisputed that designation of the three pilots as acting lieutenants was not a promotion or a classified position recognized by the State Merit System. To achieve promotion, application must be made to the Merit System, which determines whether individuals qualify for promotion by meeting the classification requirements. Although Hardison had authority to designate the title, he had no authority to promote or raise pay without the consent or permission of the Merit System. All three officers understood this, and none received enhanced pay or increased duties or responsibilities after the designation. However, all were given lieutenant's bars and an unmarked patrol car, and were treated as lieutenants within the unit.

In 1988, when Curtis Earp succeeded Hardison and questioned the propriety of the "acting" designations, all three acting lieutenants returned to sergeant rank. Shaw filed a departmental grievance regarding his rank and sought promotion to lieutenant. Earp requested that the Merit System conduct an audit of pertinent classified positions within the Aviation Unit. Jerry Saylor, Chief of the Classification and Compensation Division of the State Merit System, conducted the audit, examining the unit's classified positions and personally interviewing the officers involved. Based upon the interviews and written job descriptions, Saylor recommended that Shaw be promoted to lieutenant. Because their responsibilities were greater than other sergeants but less than those of lieutenants, he recommended that Ferros and Smith remain sergeants but receive supple-

mental pay. Appellants filed a grievance, but after a hearing, the department rejected their claims. The State Personnel Board declined to review their claims and this action ensued.

In June 1992, the case appeared on the trial calendar. Because counsel for defendants did not appear for trial, the court entered an order granting plaintiffs' motion for default judgment. Thereafter, at a status conference requested by defendants, the court learned that defense counsel had not appeared for trial in reliance upon the court staff's assurances that the case would be removed from the calendar because of the pending motion for summary judgment. The court found defendants' reason for not appearing for trial sufficient, vacated its order granting default judgment, and granted plaintiffs a certificate of immediate review. This court denied the application for interlocutory appeal. The defendants' motion for summary judgment was subsequently granted.

1. We first address appellants' enumerations regarding vacation of the order granting default judgment. In three enumerations, Ferros and Smith contend that the trial court improperly exercised its discretion to "open the default," because no meritorious defense was presented under oath, defendants' excuse did not constitute "providential cause," and they did not pay costs, as required by OCGA § 9-11-55 (b).

Appellants' reliance upon OCGA § 9-11-55 (b) is misplaced. That statute applies "[a]t any time before final judgment" and permits a defendant to file an answer despite the fact that the statutory time period has elapsed. Here, judgment had been entered, so OCGA § 9-11-60, not OCGA § 9-11-55 (b), applies. *Allen v. Nash*, 195 Ga. App. 597, 598 (1) (394 SE2d 395) (1990). The default judgment was vacated by the trial court because of a mistake unmixed with the negligence of defendants, pursuant to OCGA § 9-11-60 (d) (2). This was within the trial court's authority and was not an abuse of discretion. Compare *First Dixie Properties v. Chrysler Corp.*, 202 Ga. App. 145, 147 (413 SE2d 464) (1991).

2. Ferros and Smith enumerate as error the trial court's finding that their job duties and responsibilities were not equal to those of Shaw. They argue that the trial court improperly decided this issue in the face of conflicting evidence creating a material issue of fact. They are correct in their assertion that this finding was crucial to the grant of summary judgment to appellees with respect to several of their claims. Moreover, we agree that the purpose of summary judgment is to determine whether a material issue of fact exists, and to that end, the court may not weigh conflicting evidence or determine the credibility of witnesses. See generally *Haire v. City of Macon*, 200 Ga. App. 744, 747 (409 SE2d 670) (1991).

Appellants have failed, however, to provide this court with the

evidence, in the form of depositions, which they allege demonstrates the conflict forming the material issue of fact. As authority for the facts set forth in support of the argument in their brief, they cite references to depositions of the various parties. However, they specifically instructed the clerk of the superior court not to include the depositions in the record on appeal. The burden is on the appellant to show error by the record. *Stevens v. Green*, 204 Ga. App. 60, 61 (2) (418 SE2d 377) (1992). " 'In order for the appellate court to determine whether the grant of summary judgment was erroneous, the appellant[s] must include in the record those items which will enable the appellate court to ascertain whether a genuine issue of material fact remains.' Deficiencies in this regard cannot be supplied by brief. [Cit.] Where matter essential to making a decision is omitted, appellant[s have] failed to meet [their] burden of showing error. In such circumstances we may assume the [finding] is correct and affirm it. [Cits.]" *Riverbend Ford-Mercury v. Kirksey*, 196 Ga. App. 307, 309-310 (1) (395 SE2d 898) (1990).

3. Ferros and Smith contend the trial court erroneously granted summary judgment to appellees on the claim that appellants' right to due process of law was violated when the Personnel Board denied them a hearing. Although cognizant that a "mutually recognized entitlement between a state and its employee can qualify as a constitutional property interest, *Bd. of Regents v. Roth*, 408 U. S. 564 [(92 SC 2701, 33 LE2d 548)] (1972); *Perry v. Sindermann*, 408 U. S. 593 [(92 SC 2694, 33 LE2d 570)] (1972)," the trial court found that neither plaintiff in this case had a protectable property interest in the rank of acting lieutenant, because it is undisputed that the Merit System had never recognized them as "acting" lieutenants.

Relying upon *Brown v. Ledbetter*, 569 FSupp. 170 (N.D. Ga. 1983), appellants argue that they need not show a property interest in the rank itself but only in being properly classified. They challenge the trial court's determination that their claim differs significantly from that of the plaintiff in *Brown*; they further challenge the ruling that they possessed no protectable property interest in being correctly classified as lieutenants because they had merely possessed "the accoutrements" of that rank and had never performed the duties of the lieutenants. To the extent that their contentions are based on an assertion that the trial court's finding was factually incorrect, we are foreclosed from addressing them because of appellants' failure to include the evidence supporting this assertion in the record on appeal. We must assume that the finding is correct and that Ferros and Smith possessed only the accoutrements of the rank of lieutenant, and not its duties and responsibilities.

The rules of the State Personnel Board require a hearing only when a demotion or adverse action such as a loss of pay has taken

place. See Rules of the State Personnel Board, § 14.200. Since appellants were never classified or recognized by the Merit System as lieutenants, they were not demoted and, in fact, received a pay increase after the audit. Given the assumed factual predicate, we find that the trial court was correct in concluding that appellants' right to due process of law was not violated by denying them a hearing.

4. In several enumerations, Ferros and Smith also complain of the trial court's resolution of their claim that their right to equal protection of the laws was violated because they were treated differently from Shaw and from pilots employed by the Department of Natural Resources (DNR).

(a) Their arguments that an issue of fact remains regarding whether they performed supervisory duties equal to those performed by Shaw are controlled adversely to them by our decision in Division 2, supra.

(b) They contend that even assuming Shaw did in fact have supervisory responsibility over them, the trial court erred in concluding that this difference in authority precludes a finding that they were "similarly situated" for purposes of equal protection analysis. However, we agree with the trial court that *Pearson v. Macon-Bibb County Hosp. Auth.*, 952 F2d 1274, 1280 (11th Cir. 1992), relied upon by appellants, is distinguishable in that it involved not equal protection but whether, for Title VII purposes, a prima facie showing could be made by a hospital employee of the disparate disciplinary treatment afforded to three other employees she alleged were "similarly situated." The *Pearson* court held that given that the four employees were all responsible for, and failed to perform, a certain task, differences in their job status and overall responsibilities were irrelevant to this showing. Id. The same is not true in this case. As pointed out by the trial court, the equal protection clause of the Fourteenth Amendment to the United States Constitution mandates that all persons similarly situated should be treated alike. It was crucial to their claim for Ferros and Smith to show that Shaw was "similarly situated" in that the work responsibilities of all three were the same, in order to show that their right to equal protection had been violated when Shaw was promoted and they were not. If Shaw had supervisory duties over them, it follows that the court correctly concluded that all three were not "similarly situated."

(c) The trial court concluded that the fact that DNR pilots were ranked and paid as captains did not violate appellants' right to equal protection because OCGA § 45-20-2 (15) (Z) (i) explicitly excludes "officers, officials, employees, and positions of the [DNR], except those . . . which are as of March 14, 1984, in fact in the classified service" from classification by the State Merit System. Since appellants remain in the Merit System, for equal protection purposes their

rank must be compared with others within that system, who are "similarly situated."

5. Appellants assert that the trial court erred in granting summary judgment to appellees with respect to the claim that the Merit System breached their contracts. It is well settled that the Merit System Act, OCGA § 45-20-1 et seq., creates a constitutionally protected contract between the Merit System employees and the State. *Clark v. State Personnel Bd.*, 252 Ga. 548, 550 (2) (a) (314 SE2d 658) (1984). However, unlike the plaintiffs in *Clark*, appellants' status as lieutenants was never authorized or recognized by the Merit System, and thus appellants were never lieutenants under their contract with the State. Even assuming appellants are correct that their elevation to the positions of "acting" lieutenants must be viewed as "temporary," "intermittent," or "emergency" appointments under §§ 9.300-9.600 of the Rules of the State Personnel Board, those appointments would have expired pursuant to those rules long before the termination of appellants' "acting" status. We agree, therefore, with the trial court that no breach of appellants' contract with the State occurred.

6. The trial court ruled against appellants on their claim for negligent misclassification. Their claim is based on paragraph 4.702 of the Rules of the State Personnel Board, providing that "[t]hose positions which are substantially similar with respect to difficulty, responsibility, degree of supervision required and exercised, nature and kind of work required, and generally the same kind and amount of training and experience for proper performance and which merit approximately equal pay, shall be allocated to the same class."

As in Divisions 2 and 4 (a), supra, absence from the record on appeal of evidence supporting appellants' position that their responsibilities were equal to those of lieutenant precludes, for the most part, our review of the trial court's conclusion. We note, however, that in the job description of a "lieutenant" in the State Patrol (which was attached to Saylor's deposition below and is included in the record as an attachment to the State's brief in support of summary judgment below), first among the responsibilities and duties is the requirement to "act as commander of all operations, in the absence of the commander." It is undisputed that Ferros and Smith did not assume command in the absence of Chumley, whereas Shaw did so. Assuming there is such a cause of action as negligent misclassification, this enumeration is without merit, and we must affirm the trial court's judgment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Steven K. Leibel*, for appellants.

*Michael J. Bowers, Attorney General, John C. Jones, Daryl A. Robinson, Senior Assistant Attorneys General, Donald C. English,* for appellees.