A08A1335. HAYES v. CITY OF ATLANTA et al.

(668 SE2d 886)

JOHNSON, Presiding Judge.

Austin Hayes was terminated from his employment with the City of Atlanta during a reduction-in-force ("RIF"). Asserting that the City failed to follow its RIF procedures, he appealed to the City's Civil Service Board, which upheld the termination. Hayes then

---

petitioned for certiorari before the superior court. The superior court affirmed the Board, and we granted Hayes' application for discretionary review. For reasons that follow, we reverse.

The superior court's review of a Civil Service Board decision is limited. The court examines the decision for legal error and determines whether any evidence supports it.[1] On subsequent appeal to this Court, we construe the evidence favorably to the party that prevailed before the Board and consider whether the record supports the Board's decision.[2]

So viewed, the record shows that Hayes was employed by the City's Department of Information Technology ("DIT") as an information technology or "help center" specialist. In 2004, the City reorganized DIT through a "zero-based staffing" RIF that abolished all existing positions, including that held by Hayes, and created new positions. To aid in the reorganization, the City's Human Resources ("HR") administrator met with DIT employees, informed them of their options, and calculated "retention points" for each employee based on his or her experience with the City and past performance evaluations. In determining Hayes' retention points, the administrator considered his 11 years of service with the City, as well as his "highly effective" or "effective" performance rating.

Hayes and other DIT employees were told to apply for the newly created jobs in the reorganized department. Heeding this advice, Hayes applied to be a "help desk specialist," a job that, in his view, was essentially the same as his prior position with DIT. The HR administrator screened Hayes' application and determined that he met the minimum job requirements. She then forwarded the application to DIT with the recommendation that Hayes be interviewed.

John Encisco, the deputy chief information officer for DIT, interviewed Hayes for the help desk position. Encisco testified that during the interview, Hayes did not demonstrate the technical experience DIT desired for the position, seemed distracted, and acted as though "he did not really want to be there." Although DIT hired four help desk specialists, Hayes was not selected. According to Encisco, retention points were not used in making this determination; those hired were chosen based on their resume, interview performance, and capacity to do the job. Ultimately, DIT placed two current City employees and two newly-hired persons in these positions.

---

[1] *City of Atlanta v. Harper*, 276 Ga. App. 460, 461 (623 SE2d 553) (2005); *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997); OCGA § 5-4-12 (b).

[2] *Harper*, supra at 461.

Employees not selected for positions within the reorganized DIT were placed on a RIF list according to their retention points, then considered for other available City jobs. As described by the HR administrator, she would "go down the list" and find the people with the most points who qualified for the various positions. The administrator added Hayes to the RIF list, but the City found no other position for him, and he was terminated.

Hayes appealed his dismissal to the Board,[3] which upheld the termination after finding that he did not "pass the interview" for help desk specialist. The superior court affirmed the Board's decision, and this appeal followed.

Under the City's written procedures, a department may institute a RIF "whenever there is a shortage of work or funds, specific positions are cut from the budget, or when other material changes occur in the work of the organization or in the structure of the organization." The procedures specify, however, that the RIF mechanism may not be used to dismiss or demote employees for poor job performance.[4] Affected individuals must be placed in other appropriate positions based on their retention points:

> All individuals within each affected class [of employment] will compete for the remaining position(s) in that class based on retention points. . . . Individuals in the RIF pool will be placed in appropriate vacant, funded, classified positions for which they qualify throughout the City based on their retention points.

It is unclear whether the new help desk specialist position was in the same "class" as Hayes' prior position. As required by RIF procedures, however, his retention points should have been considered in placing him in open positions for which he qualified. Regardless of whether Hayes was competing for a job in the same "class" as his prior position or simply part of the RIF pool,[5] his retention points were key to placement in vacant positions.

Without doubt, the help desk position was vacant when Hayes applied. The record also shows that he was qualified for the job. The HR administrator testified that he met the minimum qualifications,

---

[3] Hayes was a "classified" employee with certain civil service rights, including the right to appeal his dismissal to the Board. See *City of Atlanta v. Mahony*, 162 Ga. App. 5 (289 SE2d 250) (1982) ("[E]mployees who are under the City of Atlanta Civil Service Act have a property interest in their continued employment.").

[4] Other mechanisms, such as the City's "progressive discipline process," are employed in situations involving unacceptable job performance.

[5] The procedures define the "RIF pool" as "[a] list of employees in priority order based on retention points that are not retained in their job class within the area [affected by a RIF]."

and Hayes offered evidence that the help desk job duties matched his prior responsibilities as an information technology specialist. Asked to compare the two jobs, Hayes responded: "Actually, there's no difference. I was doing all of the same functions that appear as the duties for [the help desk specialist] job." Finally, although Encisco asserted that the help desk responsibilities expanded during the reorganization, he admittedly was not familiar with all of Hayes' previous job duties.

We recognize that Hayes did not perform well during his help desk specialist interview, and other candidates may have had better resumes. But RIF procedures required DIT to use retention points when staffing the newly-created help desk positions. It failed to do so, rejecting Hayes' qualified application and filling two of the available slots with new employees.

The record shows that the City ignored RIF procedures when it hired help desk specialists without reference to retention points and terminated Hayes.[6] Accordingly, his dismissal was unauthorized.[7]

*Judgment reversed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 29, 2008 — 

*Mary J. Huber*, for appellant.
*Laura Sauriol-Gibris, Tamara N. Baines*, for appellees.

---

[6] See *Harper*, supra at 464-465 (RIF procedures required City of Atlanta to take retention points into account when restructuring department).

[7] See id. at 465 (because RIF procedures required City to use retention points in hiring or reassigning existing employees during a departmental reorganization, City erred in refusing to hire employee based on considerations such as the range of other applicants, the employee's written job application, and the employee's past work history).