26506.   WILLIAMS v. BOLTON.

ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971.

*Houston White, Sr.,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, John A. Sligh, Jr., Marion O. Gordon, Assistant Attorneys General,* for appellee.

MOBLEY, Presiding Justice. Harold E. Williams appeals from the denial of an interlocutory injunction in his action against Arthur K. Bolton, Attorney General, in which the appellant asserted that a subpoena and a subpoena duces tecum, served on him by the Attorney General, were illegal, and that the law under which they were issued was unconstitutional.

The subpoena commanded the appearance of the appellant at a stated date and time, "then and there to be sworn as a witness and give testimony in an investigation being conducted by the Attorney General of the State of Georgia, under and by virtue of the laws of this State, more particularly, but not limited to, an Act approved February 18, 1943 (Ga. Laws 1943, p. 284) (Ga. Code Ann., Chapter 40-16) as to alleged irregularities concerning the activities of Harold E. Williams, Right-of-Way Agent, Fulton County, Georgia, in the acquisition of certain properties within the City of Atlanta, in the vicinity of I-485 Fulton County, Georgia." The subpoena duces tecum commanded the appellant on the same date to produce all records, documents, correspondence, and books dealing with the appellant's acquisition of properties at certain addresses and on certain streets in the City of Atlanta, Fulton County. The statement of the nature of the investigation is the same as in the subpoena.

The Attorney General is given power to subpoena witnesses and require the production of records, documents, correspondence, and books under Ga. L. 1943, pp. 284, 286, § 5 (*Code Ann.* §§ 40-1615, 40-9905), as follows: "The Attorney General as the head of the Department of Law and as Chief legal officer of the State is hereby authorized and empowered at any time, other than when the General Assembly is in session, to institute and conduct investigations into the affairs of any department, agency, board, bureau, commission, institution or authority of the State; to require the services and assistance of any State official in the conduct of such inquiry and investigation; to compel evidence and subpoena witnesses; to inspect records, documents, correspondence and books

of any department, agency, board, bureau, commission, institution or authority of the State; to require the production of records, documents, correspondence and books of any person, firm or corporation which relate, directly or indirectly, to dealings with the State, any of its departments or adjuncts. Any person, firm or corporation, State official or employee, denying to the Attorney General access to such records, etc., or failing and refusing to adduce evidence or to respond to subpoena shall be guilty of a misdemeanor and upon conviction thereof punished as provided by law."

This law states plainly that the investigative powers of the Attorney General pertain to "the affairs of any department, agency, board, bureau, commission, institution or authority of the State." The subpoenas served on the appellant did not show that the investigation concerned any department, agency, board, bureau, commission, institution or authority of the State, but stated that the investigation concerned the activities of an employee of Fulton County. Mention is made of a highway, but the subpoenas nowhere state that the affairs of the State Highway Department are under investigation. The law gives the Attorney General power to require the production of records, etc. by any person dealing, directly or indirectly, with the State, any of its departments, or adjuncts. A subpoena issued by the Attorney General should show what department or agency of the State is being investigated. The subpoenas issued to the appellant refuted the inference that any department or agency of the State was under investigation, since it stated that the investigation concerned an individual, an agent of Fulton County.

The law giving the Attorney General power to issue subpoenas provides that the failure to obey such subpoena is punishable as a misdemeanor. This law does not provide any review of the power exercised. A court of equity would thus have jurisdiction to inquire into the legality of subpoenas issued under the law.

The order of the trial judge in the present case discusses the ethics of the conduct of the appellant in his position as right-of-way agent for Fulton County. This was not the issue in the case. The only question for determination was whether the appellant could legally be required to obey the subpoenas issued by the Attorney General. Since these subpoenas were not in accordance

with the law authorizing the issuance of subpoenas by the Attorney General, the trial judge erred in refusing to enjoin the Attorney General from proceeding with his investigation under such subpoenas.

In view of the ruling above, it is unnecessary to determine the other questions made on the appeal.

*Judgment reversed. All the Justices concur.*