## 29069. BROWNLEE v. WILLIAMS.

JORDAN, Justice.

This is an appeal from an order of the Superior Court of Fulton County reversing on certiorari an order of the Fulton County Civil Service Board. The case involves the constitutionality of a section of the Fulton County Civil Service Act as well as a consideration of the procedures to be followed when an employee seeks reinstatement after discharge.

The facts of the case may be summarized as follows: Williams was employed by Fulton County in 1960. In

1963 he was employed by the Right of Way Department as a Right of Way Agent, and became Senior Right of Way Agent. Prior to his employment he was in the real estate business, and continued this business during his employment. As Right of Way Agent, Williams secured property deeds, easements and franchises, and agreements necessary for procuring rights of way.

During the 1960's the State Highway Department developed plans for a highway known as I-485. In 1967 Fulton County contracted with the State Highway Department to acquire rights of way for the state. Pursuant to this agreement Williams, as an employee of Fulton County, acquired property for the right of way of I-485. Williams worked on the acquisitions in the area south of Ponce de Leon Avenue in Atlanta. During off hours, Williams had an active real estate business of his own. Of more than thirty parcels of land personally owned by Williams, at least three were located on Virginia Avenue, in the neighborhood of the proposed highway, but north of Ponce de Leon Avenue. The plan for I-485 called for an interchange at Virginia Avenue. Depending upon which of the everchanging proposals one referred to, the ramp to the interchange would cut across or limit the access to Williams' property at Virginia Avenue.

In August, 1969, Williams offered to give the State Highway Department the right of way on the front of his properties in consideration of a relocation of the limit to access. This proposed trade was not accomplished because no final decisions had been made on certain design features of the interchange.

These activities came to the attention of the Right of Way Engineer for the State Highway Department. He contacted the Attorney General of Georgia and requested an investigation into possible conflicts of interest in Williams' activities as employee-Right of Way Agent and as private entrepreneur. In pursuit of that inquiry the Attorney General issued subpoenas to Williams, which we held Williams did not have to obey. See *Williams v. Bolton,* 227 Ga. 671 (182 SE2d 440).

Williams was discharged on January 20, 1971. He then appealed to the Fulton County Civil Service Board.

Williams presented his case to the Civil Service Board unsuccessfully, and sought review of the case in Fulton County Superior Court by petition for certiorari.

After a hearing, the trial court held (1) that the advice of the Assistant County Attorney assigned to the Civil Service Board did influence the legal and factual conclusions reached by the board and that such was discriminate, capricious, arbitrary, and lacking in due process since another assistant county attorney represented the appointing authority; (2) that section 18 of the Act placed the burden of proof upon the discharged employee to show that his removal was for personal, political or religious reasons and was thus violative of due process and unconstitutional; (3) that the Civil Service Board should have granted Williams' motion to make more definite portions of the notice of his discharge; and (4) that as a matter of law the evidence showed that no conflict of interest existed between Williams and either the state or Fulton County.

The court concluded that the entire hearing before the Civil Service Board was null and void because Williams was deprived of his vested rights under the Civil Service Act of Fulton County in an illegal and unconstitutional manner.

Williams was ordered reinstated, and his appointing authority, the County Manager of Fulton County has appealed the order of the Fulton Superior Court, enumerating as error essentially all of the above holdings of that court.

1. The Civil Service Act of Fulton County (Ga. L. 1943, p. 971, as amended by Ga. L. 1945, pp. 850, 854) has the following provision:

"Section 18. Removal. Any appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the Board copy of written notice furnished the employee to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the Board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such

action of the appointing authority shall be final, except the Board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal, political, or religious reasons and not justified."

"Section 18 (a). Whenever an employee has been suspended, demoted, discharged, disciplined, or otherwise caused to suffer any loss in classification, grade or salary, such employee shall have the right of appeal to the Civil Service Board. This right may be exercised at any time within ten days from the date of such suspension, demotion, discharge or other disciplinary action by a request in writing for such hearing filed with the Secretary of said Board. Immediately upon the receipt of such request, the Secretary shall notify the members of the Board and call a meeting of the Board for proper hearing of the case. The Board shall proceed to hear all parties at interest and such evidence as may be introduced by any of them at the earliest practicable date after notice of the appeal has been filed. The filing by an employee of an answer to charges to the written statement filed by the appointing authority with the Board as provided in Section 18 above, without further formality shall be deemed a sufficient demand for a hearing."

The trial court held that the above quoted section is contrary to Article I, Section I, Paragraph II and III of the Constitution of Georgia, and Article XIV, Section I of the Constitution of the United States because it does not require a hearing on the merits of charges against an employee *prior* to his discharge.

The language of Section 18 has been considered before by this court. See *Foster v. Vickery*, 202 Ga. 55, 61 (42 SE2d 117). There we held that the board is required to grant a hearing if a discharged employee complies with the provisions of the Act.

Employees who are covered by the Fulton County Civil Service Act have a property interest in their continued employment. This interest is protected by Art. I, Sec. I, Par. III of the Georgia Constitution, and the Fifth Amendment to the Constitution of the United States. Termination of this employment requires notice and a

hearing. See Goldberg v. Kelly, 397 U. S. 254 (90 SC 1011, 25 LE2d 287) (1970); Bell v. Burson, 402 U. S. 535 (91 SC 1586, 29 LE2d 90) (1971); Board of Regents of State Colleges v. Roth, 408 U. S. 564 (92 SC 2701, 33 LE2d 548) (1972); Perry v. Sinderman, 408 U. S. 593 (92 SC 2694, 33 LE2d 570) (1972).

This Act provides for notice prior to discharge, and a hearing subsequent to discharge. Must a hearing be accorded *prior* to discharge? "The Resolution of this issue depends on a balancing process in which the Government's interest in expeditious removal of an unsatisfactory employee is weighed against the interest of the affected employee in continued public employment." Mr. Justice Powell, concurring in Arnett v. Kennedy, 416 U. S. 134, 167 (94 SC 1633).

From the employee's standpoint, a vital interest is the continued receipt of his salary. Upon discharge this salary is lost; this creates hardship which might be severe in a case such as this where the final determination of the Fulton Civil Service Board was not rendered until more than six months after notice of discharge. Although this Act is silent on the question of back pay, we presume that any employee who was reinstated by the board would be entitled to all salaries, increments and benefits that would have been his if he had not been discharged. It follows that if an employee is discharged, and his salary withheld, the deprivation, if unjustified, is only temporary.

By contrast, the Fulton County Government has an interest in maintaining control over its personnel. Frequently this control should be exercised with a degree of immediacy.

"This includes the prerogative to remove employees whose conduct hinders efficient operation, and to do so with dispatch. Prolonged retention of a disruptive or otherwise unsatisfactory employee can adversely affect discipline and morale in the work place, foster disharmony, and ultimately impair the efficiency of an office or agency. Moreover, a requirement of a prior evidentiary hearing would impose additional administrative costs, create delay, and deter warranted discharges. Thus, the Government's interest in being able

to act expeditiously to remove an unsatisfactory employee is substantial." Arnett v. Kennedy, supra, p. 168.

Having weighed the interests we conclude that the evidentiary hearing subsequent to discharge, as provided in this Act, meets the requirements of due process of law. It was error for the trial court to hold that Section 18 of the Act does not comport with constitutional guarantees of due process and equal protection.

2. The trial court held Section 18 of the Act unconstitutional because it places the burden of proof on the employee at the hearing before the board. The Act states that dismissal of an employee is final "except the Board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal *was made* for personal, political, or religious reasons and not justified." Clearly this language requires an affirmative showing to the board. It is argued that since the appointing authority will not seek to undermine its own cause, the burden will be upon the employee to show that he was wrongfully dismissed.

As we indicated in *Foster v. Vickery,* supra, the power of the Civil Service Board to reinstate is limited to those instances where removal or discharge was made for "personal, political, or religious reasons." At the same time, the first sentence of Section 18 provides in part as follows: "Any appointing authority may dismiss a subordinate in the classified service *for cause."* (Emphasis supplied.) Cause is not defined by the Act.[1] However, the employee is apprised of the cause of his removal by the written notice furnished him which sets forth in detail the reasons for such action. Whatever this "cause" might be it is a limitation on the power of the appointing authority. Some "cause" must be shown.

We do not think that the legislature intended to

---

[1]Under the Federal Statute, "cause" is used in the following context: "An individual in the competitive service may be removed or suspended without pay only for such cause as will promote the efficiency of the service." 5 USC § 7501(a). See also, Code Ann. § 40-2205.

write a law which protects employees from "personal, political and religious" discharges but provides no protection from dismissals on false charges. For this reason, weight must be given the requirement "for cause," and the board must review at the hearing the truth or falsity of the charges.

Section 18 (a), Ga. L. 1945, pp. 850, 854 provides for a proper hearing and the introduction of evidence by both parties, thereby contemplating a hearing on the merits. Reason and logic dictate the conclusion that the legislature in so providing a hearing on the merits, intended that the board be empowered to act in a way which is responsive to the hearing. Consequently, if an employee is vindicated of charges at the hearing, the board may reinstate him. It would make absolutely no sense to have a hearing which exposed the falsity of charges against an employee, and then prohibit him from returning to his employment.

However, once the decision is made by the board that a cause for discharge does exist, the power of the board is limited; it may not review the *sufficiency* of the cause, but may only inquire as to whether the cause was "personal, political, or religious and not justified."

In summary, the board is authorized under the Act to have a hearing to determine whether there was cause to discharge the employee. If there was no cause, then the employee must be reinstated because the appointing authority was without authority to dismiss him. If there was cause for the dismissal, the Board may only reinstate where it appears that the discharge was for "personal, political, or religious reasons and not justified." *Foster v. Vickery,* supra.

With the above in mind, we may now consider the question of burden of proof. The trial court stated in its order: "The burden of an employee to show what is in the mind of an employer in order to show that his acts were for personal, political or religious reasons, could only be shown in a few cases, because of the absence of direct evidence, and because these qualities of mind of the appointing authority can only, in most cases, be proven by indirect or circumstantial testimony or evidence, which [practice] is an arbitrary, capricious and dis-

criminatory burden to be placed on an employee."

Not only was the burden placed on the employee to prove that he was dismissed for personal, political, or religious reasons, but he was also required to put his evidence on first. We agree that initially the burden of proof must be on the appointing authority. Therefore, the employer must first put on his evidence, and show that the employee was removed "for cause."

We reach this result by applying the cardinal rule governing construction of statutes: to ascertain the legislative intent. *Erwin v. Moore,* 15 Ga. 361, 364; *City of Jesup v. Bennett,* 226 Ga. 606 (176 SE2d 81). There can be no doubt but that the legislature intended to afford substantive protection to employees classified under this Act. As we have stated above, the legislature has given the employee a *right,* a property interest, in his continued employment. This right is constitutionally protected. In requiring that an employee be dismissed only "for cause" the legislature limited the right of an employer to discharge. So long as an employer must prove his charges against an employee, this limitation creates a right; otherwise it is a facade.

We conclude that under Section 18 of this Act the initial burden of proof is on the appointing authority to prove his charges against an employee. Since this was not done, the hearing was a nullity.

3. The trial court held that the hearing was lacking in due process because the appointing authority was represented by one assistant Fulton County attorney while the Civil Service Board was represented by another Fulton County attorney.

It is not unusual at administrative-type hearings to have considerable overlap in judicial and prosecutory functions. Such is not per se violative of due process. State Dental Council and Examining Board v. Pollock, 318 A2d 910 (Pa.) (1974) and cases cited therein. It is clear in this case that the appointing authority (the county manager) did not appoint members of the County Legal Department.

Nevertheless, where a body such as the Civil Service Board which is vested with a duty to make judgments has unlawfully delegated that responsibility to another, or

where the inseparation of judicial and prosecutory functions engenders a biased hearing, due process is denied. Whether or not one is deprived of the fundamental right to a fair hearing depends upon the facts of each case. We have carefully examined the record in this case including the various statements of the assistant county attorney assigned to the board and the banter between him and counsel for Williams. We conclude that this record does not show such bias or prejudice sufficient to result in a denial of due process to the plaintiff. The trial court erred in holding otherwise.

4. Appellant next assigns as error the judgment of the trial court that motions to strike and make more definite portions of the notice of discharge should have been sustained. Section 18 of the Act states in pertinent part:

"Any appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the Board a copy of written notice furnished the employee to be removed, *setting forth in detail the reasons for such action.*" (Emphasis supplied.)

In *Scott v. Undercofler,* 108 Ga. App. 460, 463 (133 SE2d 444) it was stated that "Provisions of law requiring that a discharged employee be furnished with reasons for removal are mandatory, and a notice that does not comply with such provisions is void and all proceedings thereafter are a nullity." These reasons must be set forth specifically, and in detail. Furthermore, if notice of discharge is inadequate to apprise the employee of the reasons for his discharge, the notice may be amended. *Schaefer v. Clark,* 112 Ga. App. 806 (146 SE2d 318).

Williams' notice of discharge reads as follows: "The ground for your removal is conduct which reflects upon the Classified Service and which impairs the effectiveness in performance of the duties of Senior Right-of-Way Agent because of the following: "1. While employed as a Senior Land Agent you have engaged in other business, to wit: a private real estate business without the approval of your appointing authority. 2. You have, during the course of your employment, engaged in activities as an Agent of the State Highway Department in acquisition of properties for Interstate Highway 485,

and have had or acquired interests in properties involved in or in the vicinity of said project before completion of acquisition on said project. 3. You have refused to answer inquiries to you from the State Highway Department and the State Attorney General's Office, and have commenced litigation against the Attorney General, reducing the effectiveness of your service with Fulton County and hampering the efficiency of the Fulton County Land Department. All of the foregoing acts and events have become common knowledge because of the publicity given to same, are considered to impair the dignity of the office of Senior Right-of-Way Agent, and your effectiveness to the duties of such position, and are not consistent with the good order of the public service. Because of this, you are hereby separated from the Classified Service effective the date indicated."

While this notice might be subject to the general criticism that it is vague and indefinite, we cannot say that it is insufficient to meet the requirements of the statute. If a new hearing is held it will be incumbent upon the appointing authority to develop these charges by particular factual proof.

5. The next enumerations of error deal with findings by the trial court that the evidence in this case did not support the charges in the notice of discharge. In view of what has been previously held in this opinion, the conclusion of the Civil Service Board was based upon an inaccurate concept of the procedures to be followed at the hearing. We make no ruling on this enumeration since the evidence adduced at another hearing following the procedure outlined herein might not be the same.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only. Hill, J., disqualified.*

ARGUED SEPTEMBER 12, 1974 — DECIDED JANUARY 28, 1975 — REHEARING DENIED FEBRUARY 18, 1975.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellant.

*Houston White,* for appellee.