Willie WEBB, Plaintiff-Appellant,

v.

Judge Tom DILLON et al., Defendants-Appellees.

No. 77–2243.

United States Court of Appeals, Fifth Circuit.

April 23, 1979.

John M. Turner, II, Atlanta, Ga., for plaintiff-appellant.

Thomas L. Murphy, Paul Webb, Jr., Atlanta, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and AINSWORTH, Circuit Judges, and CAMPBELL,[*] District Judge.

PER CURIAM:

Willie Webb, who was employed as a probation officer with the Juvenile Court of Fulton County, Georgia, was dismissed after a period of probation and a subsequent suspension without pay. He appealed his dismissal to the Personnel Board of Fulton County, which, after a full-blown hearing, upheld the termination. Webb then sought relief in the United States District Court for the Northern District of Georgia,[1] claiming that the circumstances surrounding his dismissal deprived him of procedural due process. The District Court granted defendants' motion for summary judgment, and we affirm.

We first uphold the District Court's finding that, under the holdings of *Board of Regents v. Roth*[2] and *Perry v. Sindermann*,[3] Ga.Code Ann. § 24A–603[4] and Section 18 of the Fulton County Civil Service Act[5] gave appellant at least a minimal property interest in his employment with the Fulton County Juvenile Court. The Georgia Supreme Court in *Brownlee v. Williams,* 233 Ga. 548, 212 S.E.2d 359 (1975), held that personnel covered by Section 18 have legitimate property interests in their jobs. And District Judge Henderson, a Georgia practitioner of long experience,[6]

---

[*] District Judge of the Northern District of Illinois, sitting by designation.

1. Appellant filed an "Action for Declaratory Judgment" on October 8, 1975, seeking reinstatement, back pay, a restraining order preventing further action by the Fulton County Civil Service Board, a declaration that the act creating the Fulton County Juvenile Court was unconstitutional, and costs of litigation. Appellant then filed a Motion for Partial Summary Judgment seeking a temporary restraining order. Defendants responded, filing motions to dismiss the action. In two orders dated February 13, 1976, and April 16, 1976, the District Judge denied appellant's request for a temporary restraining order and dismissed all of his claims except for counts 1 and 2, which assert that appellant's civil rights had been violated and that he had been denied due process and equal protection.

2. 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548.

3. 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570.

4. Ga.Code Ann. § 24A–603 states that [court employees'] appointment, salary, tenure and all other conditions of their employment shall be in accordance with the laws and regulations governing the merit system under which operated or such rules and regulations established by the Court. All personnel now employed shall be retained at the discretion of the judge. Any employee of the Court may be removed for cause by the judge of the court, the reasons therefor to be assigned in writing.

5. Section 18 of the Fulton County Civil Service Act, Ga.Laws 1943, p. 971 *et seq.,* as amended, Ga.Laws 1945, p. 850 *et seq.,* provides that [a]ny appointing authority may dismiss a subordinate in the classified service for cause, upon filing with the Board copy of written notice furnished the employee to be removed, setting forth in detail the reasons for such action, before the effective date of such removal. The dismissed employee shall have an opportunity to answer the charges in writing within ten (10) days, and to file with the Board affidavits in support of such answer. All papers filed in the case shall be subject to inspection by the persons affected. Such action by the appointing authority shall be final, except the Board may reinstate an officer or employee so removed in case it appears after proper hearing that the removal was made for personal, political or religious reasons and not justified.

6. *See Bishop v. Wood,* 426 U.S. 341, 346 & n.10, 96 S.Ct. 2074, 2078, 48 L.Ed.2d 684, 691 (". . . this Court has accepted the interpretation of state law in which the District Court and the Court of Appeals have concurred even if an examination of the state-law issue without such guidance might have justified a different conclusion.")

has determined that the joint operation of § 24A–603 and Section 18 grants court personnel like Webb a similar right. Appellant, therefore, was entitled to minimum due process protections.

Examining the record, we have found that Webb's supervisors informed him several times, both orally and in writing, that they were dissatisfied with his insubordinate attitude toward his immediate superior and with the quality of a report he was responsible for. He also had at least two conferences with superiors, prior to his termination, concerning the problems that led to his ultimate dismissal. At the time of his termination he was given written notice of the reasons therefor, and afterward he received a full-blown hearing, at which he subpoenaed, examined, and cross-examined witnesses on the issues involved in the decision to fire him.[7] Aside from any question regarding compliance with the state statutes,[8] we find that the procedures employed in terminating Webb comported with due process.

AFFIRMED.

---

7. We have examined the transcript of this hearing at which the parties addressed each of the reasons specified in the written termination notice.

8. This, of course, would be a question of state law. We sit only to determine whether a violation of constitutional dimension has occurred.