Terry CROWELL, Plaintiff–Appellant,

v.

CITY OF EASTMAN, et al., Defendants–Appellees.

No. 88–8051.

United States Court of Appeals, Eleventh Circuit.

Nov. 8, 1988.

---

John M. Brown, Clayton, Ga., Stephen L. Ivie, Ashburn, Ga., for plaintiff-appellant.

Will Ed Smith, Smith & Harrington, Eastman, Ga., for defendants-appellees.

Before VANCE and HATCHETT, Circuit Judges, and NESBITT *, District Judge.

HATCHETT, Circuit Judge.

In this 42 U.S.C. § 1983 action, the appellant seeks relief for termination of his employment without due process of law. The district court granted summary judgment for the employer. We reverse because material factual issues are present.

## FACTS

On October 17, 1983, John Reddock, city manager of the City of Eastman (Eastman), Georgia, employed the appellant, Terry Crowell, as chief-of-police. Crowell's appointment as chief-of-police was for an indefinite term and was not formalized by a written contract.

Under Eastman's city manager form of government, the city manager implements the policies of the five-member city council and is responsible for the administration of city affairs. The 1979 Eastman city charter authorizes the city manager to appoint officers and employees to the extent necessary for city governance. Section 34 of the charter confers upon the city manager the sole authority to appoint the chief-of-police and the authority to terminate or suspend any employee when it is in the best interest of the city to do so.

Prior to the commencement of his employment, Reddock gave Crowell a city of Eastman employee handbook which contained personnel policies and procedures. In November, 1978, the city council adopted the personnel policies and procedures as an ordinance to become effective on January 1, 1979. The personnel policies provide that employee terminations may be appealed in writing to the city council. Notably, section 6 of the employee manual provides that department heads, the category which includes the chief-of-police, are not automatically included in the personnel policies, but the city manager may individually establish conditions of their employment. On January 25, 1985, Reddock terminated Crowell as chief-of-police stating that the interest of the city required the termination. The hearing procedure established in the personnel manual for protected employees was not followed.

## PROCEDURAL HISTORY

Crowell initiated this lawsuit against the city of Eastman, the members of the city council, and the city manager. In Counts I and III of the complaint, Crowell alleges a denial of due process of law and a deprivation of his liberty interest arising from his termination as chief-of-police, pursuant to 42 U.S.C. § 1983. In Count II of the complaint, Crowell alleges a pendent state claim for tortious interference with his employment contract with the city of Eastman. Finding no constitutional violation as a result of Crowell's termination as Eastman's chief-of-police, the district court granted Eastman's motion for summary judgment. The district court noted that "since Georgia has retained its adherence to the employment-at-will doctrine, and since the hearings process described in the personnel manual did not apply to department heads, Mr. Crowell simply had no property interest in his job that would implicate due process protections."[1] The district court dismissed Crowell's state claim for lack of a substantial federal claim.

The only issue is: whether the district court erred in granting summary judg-

---

* Honorable Lenore C. Nesbitt, U.S. District Judge for the Southern District of Florida, sitting by designation.

1. In a related state court proceeding, a Dodge County Superior Court Judge also granted the city of Eastman summary judgment.

ment, thereby finding the personnel manual inapplicable to Crowell.

## DISCUSSION

In *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), the Supreme Court held that state law determines whether a property interest is created in employment. A property interest may be created pursuant to an ordinance or an implied contract. *Bishop,* 426 U.S. at 344, 96 S.Ct. at 2077, *see also Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (where the Supreme Court noted that property interests are not created by the Constitution, but through an existing source such as state law). In Georgia, "a property interest arises whenever the public employee can be terminated only for cause." *Barnett v. Housing Authority of City of Atlanta,* 707 F.2d 1571, 1576 (11th Cir.1983) (citing *Brownlee v. Williams,* 233 Ga. 548, 212 S.E.2d 359, 362 (1975); *Ogletree v. Chester,* 682 F.2d 1366, 1370 (11th Cir.1982); *Glenn v. Newman,* 614 F.2d 467, 471 (5th Cir. 1980)).[2] "When protected interests are implicated, the right to some kind of prior hearing is paramount." *Roth,* 408 U.S. at 569–70, 92 S.Ct. at 2705. To meet minimum due process requirements, written notice of the reasons for termination and an effective opportunity to rebut those reasons must be provided. To facilitate an effective rebuttal, an employee should be afforded the opportunity "to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision." *Newman,* 614 F.2d at 472.

Crowell contends that he was a "regular full time employee" of the city of Eastman within the context of the personnel manual; that Reddock wrongfully terminated him without cause and without the procedural rights and benefits afforded full time city employees; and that Eastman deprived him of a property interest in his position as chief-of-police and an expectation of continued employment. Crowell argues that although he was not automatically covered under the personnel manual provisions, Reddock specifically instructed him that he was subject to the manual's provisions. Further, Crowell notes that he executed a form which is in his personnel file acknowledging that the provisions of the manual are applicable.

The city of Eastman argues that the personnel manual did not include Crowell as a "regular full time employee" and that the city manager has the absolute authority to terminate an officer appointed pursuant to the charter. Further, the city of Eastman argues that although section 6 of the personnel manual provides certain classes of city employees with procedural protections against termination, it specifically excludes from these protected classes the heads of city departments. Moreover, argues the city of Eastman, the personnel policy is invalid because it invades the authority of the city manager to employ and terminate city employees under section 34 of the city charter.

Section 6 of the personnel manual defines the status of city of Eastman employees, and provides in pertinent part that:

> Employees hired into continuing positions or permanent appointments are considered *Regular Full–Time* employees. The information contained in this booklet applies to this group of employees. *Certain employees are not automatically covered. Primarily, these employees are the Department Heads in charge of the major departments.... Their conditions of employment are established individually by the City Manager.* [Emphasis added.]

As to the city of Eastman's termination provision, the personnel manual provides that:

> A dismissal is a separation made for definable cause, such as inefficiency or inability to perform the required work satisfactorily. Permanent status employees may be discharged only after being informed of the reasons in writing. A copy of the dismissal is also to be placed in the employee's personnel file. The

---

**2.** *Bonner v. City of Prichard,* 661 F.2d 1206 (11th    Cir.1981).

discharged permanent status employee has the right to appeal.

In this case, the district court granted the city of Eastman's motion for summary judgment finding that:

[S]ince Georgia has retained its adherence to the employment-at-will doctrine, and since the hearings process described in the personnel manual did not apply to department heads, Mr. Crowell simply had no property interest in his job that would implicate due process protections. The fact that Mr. Crowell was told that the personnel manual would apply to him is not inconsistent with this conclusion. The manual naturally applied to all city employees; however, certain provisions affected some employees and not others. Absent some allegation that the city manager represented the manual's specific procedural protections as applicable to Mr. Crowell's occupation, this evidence does not advance plaintiff's case.

Because we find that a factual issue exists as to whether Reddock represented that the manual's procedural protections were applicable to Crowell's occupation, summary judgment in this case is improper.[3] In his affidavit, Crowell alleges that he inquired as to whether the personnel manual would establish his rights and duties as a city employee, and further alleges that Reddock advised him that the manual did provide such coverage. If Reddock informed Crowell that all of the manual's provisions applied to him, Crowell may be entitled to procedural protections afforded to regular full-time employees. We note that section 6 of the manual authorizes a city manager to individually establish conditions of employment for department heads. Further, section 35(d) of the manual provides that a permanent status employee cannot be terminated without cause and only "after being informed of the reasons in writing." Summary judgment is improper where material factual disputes exist. Fed.R.Civ.P. 56(c); see gen-

erally Sweat v. Miller Brewing Co., 708 F.2d 655 (11th Cir.1983).

Whether Reddock did in fact make such representations to Crowell[1] may be dispositive in this case because Georgia law establishes a property interest when a public employee can only be terminated for cause. Barnett, 707 F.2d at 1576; Ogletree, 682 F.2d at 1369–70; Brownlee v. Williams, 212 S.E.2d at 362; see also Bishop, 426 U.S. at 344, 96 S.Ct. at 2077. Once an individual has a legitimate claim to a property interest, procedural due process provides the vehicle for a vindication of such claims. Roth, 408 U.S. at 577, 92 S.Ct. at 2709.

Finally, the city of Eastman argues that because the charter authorizes Reddock to discharge officials with or without cause, even if the manual creates a property right, the charter provision should prevail. Because we find that a factual issue exists concerning Reddock's representations, if any, to Crowell, we do not comment on which document controls.

Accordingly, the decision of the district court is reversed, and the case is remanded for further proceedings.

REVERSED and REMANDED.

---

**3.** It is difficult to understand the district court's statement: "Absent some allegation...." As we read Crowell's affidavit, just such an allegation is made. Likewise, Crowell's brief in this court states: "The City Manager made the manual applicable by virtue of pre-employment discussions...." Appellant's Brief, page 9.