877 F.2d 1497
 28 Fed. R. Evid. Serv. 543
 Leonard FINCH, Plaintiff-Appellee, Cross-Appellant,
v.
CITY OF VERNON, etc., Defendant-Appellant, Cross-Appellee,
Clark Rogers, et al., Defendants,
J.C. Armstrong, Jr., Coleman Armstrong,
Defendants-Appellants, Cross-Appellees.
John A. REDDICK, as Personal Representative of the Estate of
Rubert D. Reddick, Deceased, Plaintiff-Appellee,
Cross-Appellant,
v.
CITY OF VERNON, etc., Defendants, Cross-Appellees,
Harrell Sapp, etc., et al., Defendants,
J.C. Armstrong, Jr., Coleman Armstrong,
Defendants-Appellants, Cross-Appellees.
Leonard FINCH, Plaintiff-Appellee, Cross-Appellant,
v.
The CITY OF VERNON, Defendant-Appellant, Cross-Appellee,
Clark Rogers, et al., Defendants,
J.C. Armstrong, Jr., Defendant-Appellee.
John A. REDDICK, as Personal Representative of the Estate of
Rubert D. Reddick, Deceased, Plaintiff-Appellant,
v.
The CITY OF VERNON, et al., Defendants,
J.C. Armstrong, Jr., Coleman Armstrong, Defendants-Appellees.
 Nos. 87-3751, 88-3508.
 United States Court of Appeals,
Eleventh Circuit.
 July 21, 1989.
 
 J.C. Armstrong, Jr., Vernon, Fla., pro se.
 Julius F. Parker, Jr., Parker, Skelding McVoy, & Labasky, Tallahassee, Fla., for City of Vernon.
 George J. Little, Marianna, Fla., Larry A. Bodiford, Hutto, Nabors & Bodiford, Panama City, Fla., for Finch in No. 87-3751.
 George J. Little, Marianna, Fla., for Finch and Reddick in No. 88-3508.
 Appeals from the United States District Court for the Northern District of Florida.
 Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 JOHNSON, Circuit Judge:
 
 
 1
 This appeal arises from the district court's entry of judgment after a jury trial against two individuals and the City of Vernon, Florida, on a variety of claims brought under 42 U.S.C.A. Sec. 1983 and Florida law, in favor of the former police chief of the City of Vernon and an individual plaintiff. The claims arose from the termination of Police Chief Finch's employment with the City of Vernon and from an altercation that erupted at a public hearing held to discuss that termination. Defendants appeal. Plaintiffs cross-appeal from the entry of judgment notwithstanding the verdict on claims brought against several other individual defendants. We affirm in part, vacate in part, and remand for a new trial on damages on Finch's slander claim against J.C. Armstrong and for calculation of a reasonable attorney's fee incurred by Finch on this appeal.
 
 I. FACTS
 
 2
 On May 26, 1983, the City of Vernon hired plaintiff Leonard Finch as Chief of Police and the only member of the city police department. In early June 1984, Finch publicly stated it would be unsafe to block State Road 79 as planned for a June 16th celebration. On June 11, 1984, the City Council voted to abolish the police department. A necessary result of this decision was the termination of Finch's employment with the city. In response to community pressure, on June 20, 1984, the City Council held an open meeting to explain that decision. The meeting ended in a sudden adjournment because of the unruly nature of the audience. Shortly after adjournment, a fight broke out between defendants J.C. Armstrong and Coleman Armstrong and plaintiff Rubert Reddick.[1] The Armstrongs beat Reddick severely.
 
 
 3
 Former Police Chief Finch filed suit on February 5, 1985, against the City of Vernon, its Mayor, two members of the City Council, the Town Clerk, and J.C. and Coleman Armstrong, two individual citizens. Finch brought claims under 42 U.S.C.A. Secs. 1983, 1985, and 1986. Finch also brought pendent state law claims. Finch basically alleged wrongful discharge and defamation. The district court dismissed the section 1985 and 1986 claims, and the jury returned a verdict in favor of Finch on his remaining claims. After trial, the district court granted motions for judgment notwithstanding the verdict on all of Finch's claims except two: the court entered judgment against the City of Vernon in the amount of $40,660 for retaliatory discharge and conspiracy to discharge by misrepresenting the City's financial condition, and judgment against J.C. Armstrong in the amount of $100,000 for defamation, with an additional $15,000 punitive damages assessed.
 
 
 4
 Plaintiff Reddick filed suit on June 20, 1985, under 42 U.S.C.A. Sec. 1983 and Florida law, against the City of Vernon, several city officials, J.C. Armstrong, and Coleman Armstrong. Reddick alleged that his First Amendment rights were violated by the adjournment of the meeting, and that the Armstrongs committed various torts against him. Reddick's primary claim arose from the beating he received from the Armstrongs at the June 20, 1984, meeting. Finch's suit and Reddick's suit were consolidated for trial. The jury returned a verdict in favor of Reddick on all claims. The district court granted motions for judgment notwithstanding the verdict on all of Reddick's claims except one: the district court entered judgment against J.C. and Coleman Armstrong for battery under Florida law in the amount of $200,000, with an additional $25,000 punitive damages assessed against each defendant.
 
 
 5
 The City of Vernon and J.C. Armstrong appeal the judgments entered against them on Finch's claims. Finch cross-appeals the entry of judgment notwithstanding the verdict on his other claims. J.C. and Coleman Armstrong appeal the judgment entered against them on Reddick's claim. Reddick cross-appeals from the district court's entry of judgment notwithstanding the verdict on the remainder of his claims. Both Finch and Reddick filed a motion under 42 U.S.C.A. Sec. 1988 for an award of reasonable attorney's fees incurred in this appeal. We address each of the issues presented by the parties on this appeal in turn.
 
 II. DISCUSSION
 
 6
 A. City of Vernon's Appeal from Entry of Judgment in Favor of Finch
 
 1. Liability
 
 7
 In an order dated October 13, 1987, the district court entered judgment notwithstanding the verdict in favor of the City on all of Finch's claims except those presented in Counts III and VI of the complaint. In Count III, Finch alleged that his removal and discharge by the City was in retaliation for his public statements that it would be unsafe to block State Road 79 for a June 16, 1984, celebration. In Count VI, Finch alleged that the City had conspired to terminate his employment in retaliation for Finch's exercise of his First Amendment right to speech. The City of Vernon argues that the district court erred in denying its motion for judgment notwithstanding the verdict on Counts III and VI.
 
 
 8
 Our predecessor Court in Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969) (en banc), provided the standard used by this Circuit in evaluating sufficiency of the evidence:
 
 
 9
 On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence--not just that evidence which supports the non-mover's case--but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury.
 
 
 10
 See, e.g., Watts v. Great Atlantic and Pacific Tea Co., 842 F.2d 307, 309-10 (11th Cir.1988) (applying Boeing Co.). Entry of judgment notwithstanding the verdict is a question of law subject to de novo review. See, e.g., Spellissy v. United Technologies Corp., 837 F.2d 967, 973-74 (11th Cir.1988).
 
 
 11
 In Counts III and VI, Finch alleged this discharge violated his First Amendment rights because the City based the discharge on the content of his speech. A public employee is protected in certain circumstances from discharge for speech on matters of public concern. Connick v. Myers, 461 U.S. 138, 145-46, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983). Determining whether a public employee's speech on matters of public concern is protected requires a balancing between the interests of the employee in commenting on matters of public concern and the interests of the City in maintaining discipline and order in the workplace. See generally Pickering v. Board of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968). Warning that closing a public road would create a safety hazard is speech on a matter of public concern. See Kurtz v. Vickrey, 855 F.2d 723, 726-27 (11th Cir.1988) (speech is of public concern if it relates to matters of political, social, or other concern to the community). In order to sustain the jury's verdict, there need be substantial evidence that Finch expressed himself in a constitutionally-protected manner, that his expression was a motivating factor in his termination, and that the defendants failed to show by a preponderance of the evidence that he would have been terminated even in the absence of protected activity. See Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). There was substantial evidence of all three introduced at trial.
 
 
 12
 The City argues that Finch was terminated because he refused to prepare for a celebration in the City Square. Finch could have been discharged lawfully for failing to comply with the orders of his superior. Berry v. Bailey, 726 F.2d 670 (11th Cir.1984), cert. denied, 471 U.S. 1101, 105 S.Ct. 2326, 85 L.Ed.2d 844 (1985). The evidence does not point so strongly in favor of the City's explanation, however, that reasonable men could not reach a contrary verdict. We conclude that the evidence is sufficient to support the jury's verdict in favor of Finch and against the City of Vernon for retaliatory discharge in violation of Finch's rights protected by the First Amendment.
 
 2. Damages
 
 13
 The verdict form required the jury to assess damages against each defendant on Finch's claims. The jury assessed damages on Counts I through VII in the amount of $30,660 against the City and $2,500 against each of four individual defendants, Sapp, Rogers, Narvel Armstrong, and J. C. Armstrong. The jury assessed zero damages against Coleman Armstrong. After the district court granted the motions filed by each individual defendant for judgment notwithstanding the verdict, the City was the only party remaining liable on Counts I through VII. The district court entered judgment against the City for the entire $40,660. The City argues its liability should have been limited to $30,660.
 
 
 14
 The City provides no authority to support its argument that its liability should have been limited to $30,660. Under 42 U.S.C.A. Sec. 1988, federal courts look first to federal law to determine whether a damages rule for a particular case exists. See generally Wilson v. Garcia, 471 U.S. 261, 267, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). If no federal rule exists, courts apply the most appropriate damages rule of the forum state, unless that rule conflicts with the purposes behind section 1988. See Murphy v. City of Flagler Beach, 846 F.2d 1306, 1308 (11th Cir.1988). If the applicable forum state rule does conflict with the purposes behind section 1988, federal courts must develop and apply a federal common law rule of damages. See, e.g., Gilmere v. City of Atlanta, 864 F.2d 734 (11th Cir.1989). In this case, the district court, applying a federal rule of damages, correctly held the City jointly and severally liable for the damages Finch suffered from the wrongful discharge. See McKinnon v. City of Berwyn, 750 F.2d 1383, 1387 (7th Cir.1984); see generally Memphis Community School District v. Stachura, 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) (section 1988 designed to compensate fully individuals suffering injury from deprivation of constitutional rights); cf. Hinshaw v. Doffer, 785 F.2d 1260, 1269 (5th Cir.1986) (consistent with goals of section 1983 to hold officer found 65% liable responsible for 100% of damages when verdict against other officer found liable reversed).[2]
 
 
 15
 One point about the measure of damages needs to be clarified. The City was held liable on only the claims presented by Finch in Counts III and VI of the complaint. The jury rendered a general verdict on damages for Counts I through VII, and awarded $2,500 in damages against J.C. Armstrong. J.C. Armstrong was not named in Counts III and VI. The City of Vernon argues it could not be held jointly and severally liable for the damages assessed against J.C. Armstrong. We disagree.
 
 
 16
 J.C. Armstrong was joined in Counts IV and VII of the complaint in which Finch alleged his First Amendment rights had been infringed by the adjournment of the June 20, 1984, meeting. In order to recover damages for injuries caused by the violation of his First Amendment rights, Finch had to present proof of actual, compensable injury; infringement of his First Amendment rights alone would not support an award of damages. Memphis Community School District v. Stachura, 477 U.S. 299, 310, 106 S.Ct. 2537, 2545, 91 L.Ed.2d 249 (1986). The only injury Finch alleged in these counts arose from the loss of employment. This constitutes one indivisible injury arising from several sources. The City is jointly and severally liable for all injury Finch suffered from the termination of his employment. Consequently, the district court correctly entered judgment against the City for $40,660, the amount of injury the jury found Finch suffered from the termination of his employment.[3] See generally Hinshaw v. Doffer, supra; see, e.g., Bell v. Mickelsen, 710 F.2d 611, 618-19 (10th Cir.1983).
 
 
 17
 B. J.C. Armstrong's Appeal from Entry of Judgment in Favor of Finch
 
 
 18
 Finch sued Sapp, Rogers, and J.C. Armstrong for defamation under Florida law. These defendants publicly uttered numerous statements that Finch had committed adultery and that he was mentally unfit to hold office. The jury returned a verdict against all three defendants in the amount of $100,000, and imposed punitive damages of $5,000 against defendant Sapp, $5,000 against defendant Rogers, and $15,000 against defendant Armstrong. The district court granted motions by Sapp and Rogers for judgment notwithstanding the verdict, and entered judgment in the amount of $115,000 against Armstrong. Armstrong raises two issues on appeal: first, he argues that the district court erred in excluding evidence of truth of the statements uttered; and second, he argues the district court erred in imposing liability on him for the injuries caused by statements uttered by Sapp and Rogers.
 
 1. Evidentiary Challenge
 
 19
 Armstrong asserted truth as a defense at trial, and argues on appeal that the district court erred in denying his presentation of character evidence to prove the truth of his statements. In general, the trial court's evidentiary rulings will be upheld absent an abuse of discretion. See generally Baylor v. Jefferson County Board of Education, 733 F.2d 1527, 1533 (11th Cir.1984) (citing United States v. Russell, 703 F.2d 1243 (11th Cir.1983)). Armstrong fails to identify the evidence that he would have introduced at trial. It is thus impossible to determine whether the district court erred in excluding this evidence. For example, although evidence of truth is admissible in defense to a claim of slander, hearsay evidence about truth is not. Fed.R.Evid. 802. Because Armstrong does not identify the evidence excluded, we cannot determine whether the district court abused its discretion in excluding it.
 
 
 20
 Even if the district court may have abused its discretion in excluding probative evidence, Armstrong has not demonstrated prejudice to substantial rights from the error. See Hunt v. Marchetti, 824 F.2d 916, 920 (11th Cir.1987) (error in exclusion of evidence not grounds for reversal unless it affects substantial rights) (citing Fed.R.Evid. 103(a); Fed.R.Civ.P. 61); see also Perry v. State Farm Fire and Casualty Co., 734 F.2d 1441, 1446 (11th Cir.1984) (party asserting error on appeal has burden of showing prejudice to substantial rights), cert. denied, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985). Publication of a true statement if done with ill will can be defamatory. See Fla. Const. Art. I Sec. 4 (statement not libelous if true and published with good motive); Lewis v. Evans, 406 So.2d 489, 492 n. 2 (Fla.Dist.Ct.App.1981) ("In Florida, truth is not always an absolute defense to defamation. In order to avoid liability, a 'good motive' must also be shown."). Armstrong does not assert that the evidence was insufficient for the jury to conclude he acted with ill will. Without a showing of prejudice to substantial rights, Armstrong is not entitled to relief on this claim.
 
 2. Damages
 
 21
 Armstrong argues that Finch failed to present evidence of financial loss caused by the defamation. This argument has no merit because Finch did not need to show actual financial loss. Miami Herald Pub. Co. v. Brown, 66 So.2d 679 (Fla.1953) (compensatory damages for defamation include damages for mental suffering and damages for injury to reputation). A liberal reading of Armstrong's pro se brief indicates that Armstrong also challenges the amount of damages assessed against him. See generally Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (pro se complaint entitled to liberal reading by the Court). The appropriateness of the damages award is a question of Florida law. Zim v. Western Publishing Co., 573 F.2d 1318, 1326 n. 15 (5th Cir.1978). Although the jury awarded damages jointly and severally, Armstrong is not liable for injuries to Finch's character caused by non-concurrent statements and allegations made by other defendants. See generally McLeod v. American Motors Corp., 723 F.2d 830, 834-35 (11th Cir.1984) (under Florida law tortfeasors are jointly and severally liable for acts of concurrent causation but jury should apportion damages for acts of successive causation). After reversing the judgments against Sapp and Rogers, the district court assessed the entire $100,000 of compensatory damages found by the jury against Armstrong. Armstrong, however, is not liable for damage to Finch's reputation caused by statements published by Sapp and Rogers. See, e.g., Litman v. Massachusetts Mut. Life Ins. Co., 739 F.2d 1549, 1561-62 (11th Cir.1984) (applying Florida law). The district court erred in entering judgment against Armstrong for the entire $100,000. Consequently, we vacate this part of the judgment and remand for a new trial on the issue of damages caused by Armstrong's slander of Finch.
 
 
 22
 C. Finch's Cross-Appeal from Entry of Judgment Notwithstanding the Verdict
 
 1. Legislative Immunity
 
 23
 Finch argues that the district court erred in entering judgment in favor of defendants Sapp, Rogers, and Narvel Armstrong on the basis of legislative immunity. Local legislators are entitled to absolute immunity from liability for actions taken in furtherance of their official duties. Hernandez v. City of Lafayette, 643 F.2d 1188 (5th Cir.1981), cert. denied, 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982); see generally Ramsey v. Leath, 706 F.2d 1166, 1169 n. 2 (11th Cir.1983). That immunity extends only to actions taken within the sphere of legitimate legislative activity. Espanol Way Corp. v. Meyerson, 690 F.2d 827, 829-30 (11th Cir.1982), cert. denied, 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 791 (1983) (citing Tenney v. Brandhove, 341 U.S. 367 (1951)). The district court found that these defendants were entitled to absolute immunity for actions taken in furtherance of their duties as members of the City Council. The district court then concluded that the decision to disband the police department was made in furtherance of their duties as council members. We hold that this conclusion was correct. See generally Hernandez, 643 F.2d at 1194 (vote of city councilman legislative function).
 
 2. Due Process Claims
 
 24
 Finch argues that the district court erred in entering judgment notwithstanding the verdict in favor of all defendants on claims he brought under section 1983 alleging deprivation of a property interest in continued employment without due process of law. The existence of a property interest is an essential element of Finch's due process claims. Hearn v. City of Gainesville, 688 F.2d 1328, 1332 (11th Cir.1982). State law controls whether Finch had a property interest in continued employment as police chief. Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Finch's interest in employment constituted a property interest for due process clause purposes if there existed "rules or mutually explicit understandings that support his claim of entitlement to the benefit." Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1976). These rules or understandings can stem from contract or from substantive rights created by state law. See, e.g., Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
 
 
 25
 In this case, Finch argues that the City Charter granted him an entitlement and therefore a property interest in continued employment. That Charter provides that the City Marshal can be removed only for certain enumerated reasons. Finch argues that he was the City Marshal, and therefore could not have been terminated without due process. We agree with the district court, however, that Finch was not the City Marshal, but was simply the sole policeman of the City of Vernon. The City has historically treated its policeman as an at-will employee. As a policeman employed at-will by the City, plaintiff had no property interest in continued employment protected by the Fourteenth Amendment. See generally Crowell v. City of Eastman, 859 F.2d 875, 877 (11th Cir.1988).
 
 
 26
 Finch also argues that the district court erred in holding that his claim for wrongful discharge presented in Count XI of his complaint was included in Counts III and VI. It is clear, however, that the damages awarded on his claim for retaliatory discharge included damages for wrongful discharge. The district court did not reverse the jury's verdict of liability; it simply reversed the award of damages as duplicative. That decision does not constitute error.
 
 
 27
 D. J.C. Armstrong and Coleman Armstrong's Appeal from Entry of Judgment in Favor of Reddick
 
 
 28
 Coleman and J.C. Armstrong challenge the sufficiency of the evidence against them on Reddick's battery claim. At trial defendants asserted the affirmative defense of use of force in defense of person. The jury rejected this defense, and rendered a verdict in favor of Reddick. The altercation was videotaped, and the district court specifically found that neither defendant acted in self-defense or in defense of any other person. There is ample evidence to sustain the jury's verdict on this issue.
 
 
 29
 Defendants alternatively argue that the damages award is excessive. The jury awarded compensatory damages of $200,000. Whether this award is excessive is a matter of state law. T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1530 n. 8 (11th Cir.), modified at 769 F.2d 1485 (1985). Under Florida law, a jury award of damages will be upheld unless it shocks the conscience. Lassitter v. International Union of Operating Engineers, 349 So.2d 622, 626-27 (Fla.1976) (citation omitted). This award is not so excessive as to shock the conscience. Reddick was severely beaten and claimed to suffer continuing neurological problems. Defendants argue that an automobile accident subsequent to the altercation caused Reddick's continuing problems. This challenge is directed at causation, rather than excessiveness of the damages award, however; further, defendants fail to support their claim that Reddick's injuries were caused by the automobile accident rather than the altercation. We affirm the damages award on this claim.
 
 
 30
 Reading their pro se briefs liberally, defendants also challenge the jury award of punitive damages. The jury assessed punitive damages in the amount of $25,000 against each defendant. "To determine [under Florida law] whether a punitive damage award is excessive, the court may consider the relationship between the amount awarded and (1) the degree of misconduct involved, as well as (2) the defendant's ability to pay the judgment." T.D.S. Inc., 760 F.2d at 1530 (citing Arab Termite and Pest Control of Florida, Inc. v. Jenkins, 409 So.2d 1039, 1042-43 (Fla.1982)). This award was clearly appropriate in relation to the behavior involved, and defendants have not argued they are financially unable to pay the judgment. Consequently, we affirm the judgment in favor of Reddick and against Coleman and J.C. Armstrong.
 
 
 31
 E. Reddick's Cross-Appeal from Entry of Judgment Notwithstanding the Verdict
 
 1. Premises Liability
 
 32
 Reddick argues that the district court erred in granting the City's motion for entry of judgment notwithstanding the verdict on his premises liability claim. Under Florida law, a property owner has a duty to maintain his premises in a safe condition to protect invitees from reasonably foreseeable risks of harm. This includes a duty to warn invitees of latent or concealed dangers. McNulty v. Hurley, 97 So.2d 185 (Fla.1957); see also Heath v. First Baptist Church, 341 So.2d 265 (Fla.Dist.Ct.App.), cert. denied, 348 So.2d 946 (Fla.1977). The jury awarded Reddick $20,000 on his premises liability claim against the City. The district court vacated this award and entered judgment notwithstanding the verdict in favor of the City. The district court found that the City was aware of the risk of violence at the June 20th meeting and therefore had a duty to take reasonable steps to protect the participants from that risk. The district court then held as a matter of law that the City had taken sufficient reasonable steps in response to this risk to satisfy its duty to Reddick.
 
 
 33
 The City took steps to minimize the dangers to the attendees of the June 20th meeting. The mayor called the County Sheriff's Department to request the presence of a deputy, and the deputy arrived shortly after the altercation had begun. More importantly, the City adjourned the meeting as soon as the crowd became unruly. Reddick cites no authority to support his contention that these actions did not satisfy the City's duty to him as an invitee. We agree with the district court's conclusion that the City satisfied its duty of care to Reddick as a matter of law, and we affirm the entry of judgment notwithstanding the verdict in favor of the City.
 
 2. First Amendment
 
 34
 Reddick argues that Narvel Armstrong, acting in her official capacity as a member of the City Council, violated his First Amendment rights by adjourning the City Council meeting while he was addressing the Council. The district court held first that adjournment was a legislative act for which Narvel Armstrong is immune. That holding is correct. See generally Hernandez, 643 F.2d at 1194. The district court further held that Reddick's First Amendment rights were not violated by the adjournment. That holding is also correct. The meeting was adjourned because it had lost all semblance of order. Under these circumstances, the adjournment was a content-neutral restriction narrowly tailored to serve a significant governmental interest. See Perry Educ. Assn. v. Perry Local Educators' Assn., 460 U.S. 37, 45-46, 103 S.Ct. 948, 954-55, 74 L.Ed.2d 794 (1983). We therefore deny this claim.
 
 F. Attorney's Fees
 
 35
 Finch and Reddick filed a motion under 42 U.S.C.A. Sec. 1988 for an award of reasonable attorney's fees incurred in their appeals. In order to be entitled to attorney's fees, a plaintiff must prevail on a significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit. Texas State Teachers Association v. Garland Independent School District, --- U.S. ----, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989). A plaintiff is a prevailing party within the meaning of section 1988 if the lawsuit materially alters "the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Id. 109 S.Ct. at 1493. Once a plaintiff is recognized as a prevailing party, he is entitled to a reasonable attorney's fee. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The degree of success on the merits is the most important element in determining the reasonableness of an award of attorney's fees, id. at 435-36 & n. 11, 103 S.Ct. at 1940-41 & n. 11, but does not affect the availability of such an award. See Garland, 109 S.Ct. at 1493 ("[T]he degree of plaintiff's overall success goes to the reasonableness of the award under Hensley, not to the availability of a fee award vel non.").
 
 
 36
 In this case, Reddick is not entitled to an award of attorney's fees because he was not successful on his section 1983 claims. Hensley, 461 U.S. at 435, 103 S.Ct. at 1940 (no fee may be awarded on an unsuccessful claim); see Wahl v. McIver, 773 F.2d 1169, 1172-73 (11th Cir.1985) (attorney's fees inappropriate where appellant not a prevailing party) (citing Leggett v. Badger, 759 F.2d 1556 (11th Cir.1985)). Although Reddick ultimately prevailed on his state tort claims, those claims are not related to the goals of section 1988. See Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (plaintiff must receive some relief on merits of civil rights action in order to be prevailing party for purposes of section 1988). In contrast, Finch prevailed on his section 1983 claim against the City of Vernon. Thus, under Hensley and Garland, Finch is entitled to an award of attorney's fees incurred in this appeal. See generally Toussaint v. McCarthy, 826 F.2d 901 (9th Cir.1987) (prevailing plaintiff at trial entitled to attorney's fees incurred in successful defense to defendant's appeal). We lack the information from which we can determine a reasonable attorney's fee. Consequently, we remand this issue to the district court for calculation of a reasonable attorney's fee incurred by Finch in relation to this appeal.
 
 III. CONCLUSION
 
 37
 The judgment of $200,000 against J.C. Armstrong and Coleman Armstrong, as well as the $25,000 in punitive damages assessed against each, in favor of Reddick on his battery claim is AFFIRMED. The judgment of $40,660 against the City of Vernon in favor of Finch is AFFIRMED. The judgment of $115,000 against J.C. Armstrong in favor of Finch on Finch's slander claim is VACATED and the case is REMANDED for a new trial on damages. The district court's entry of judgment notwithstanding the verdict on the remaining claims is AFFIRMED. Reddick's motion for attorney's fees under 42 U.S.C.A. Sec. 1988 is DENIED. Finch's motion for attorney's fees is GRANTED, and we REMAND the case to the district court to determine a reasonable attorney's fee.
 
 
 
 [1]
 Reddick died after judgment was entered in this case. John A. Reddick, as Executor of the Estate of Rubert Donald Reddick, deceased, was substituted as appellant in this appeal. See Fed.R.App.P. 43(a)
 
 
 [2]
 The result is the same under Florida law. Intentional tortfeasors in Florida are jointly and severally liable. Smith v. Department of Insurance, 507 So.2d 1080, 1090-91 (Fla.1987). If the jury incorrectly apportions damages according to fault, Florida courts can amend the damages award if the amendment clearly reflects the jury's intent. See Balsera v. A.B.D.M. & P. Corp., 511 So.2d 679, 681 (Fla.Dist.Ct.App.) ("Where the jury incorrectly apportions damages ... the trial court should correct the verdict if the jury's intent is clear based upon the circumstances in the case."), review denied sub nom. Fernandez v. Balsera, 519 So.2d 986 (Fla.1987). In this case, the jury awarded Finch $40,660 in compensatory damages, and apportioned the damages among the joint tortfeasors. The district court correctly assessed the entire $40,660 against the City. See, e.g., General Dynamics Corp. v. Wright Airlines, Inc., 470 So.2d 788, 790 (Fla.Dist.Ct.App.1985) (where jury incorrectly apportioned damages court reversed and remanded with directions to trial court to enter judgment jointly and severally against all defendants for total amount of damages awarded). Thus, applying either a federal or a state damages rule, the City of Vernon is liable for the full amount of Finch's injuries. This result is consistent with the policy behind section 1983 of full compensation for injuries sustained as a result of violations of constitutional rights. See generally Carey v. Piphus, 435 U.S. 247, 254-57, 98 S.Ct. 1042, 1047-48, 55 L.Ed.2d 252 (1978)
 
 
 [3]
 The jury was instructed thoroughly on avoiding double recovery of damages. The fact that the jury allocated the damages among the defendants does not alter its finding that Finch suffered $40,660 in damages from his termination. In a post-judgment motion brought under Fed.R.Civ.P. 60(b), the City of Vernon stated, "If the Jury had been called upon to render a total dollar figure for Counts I through VII, then clearly the City would be liable for that total amount even though the individual Defendants would found [sic] not to be liable." In essence, the jury found Finch suffered $40,660 in compensable injury from his wrongful discharge. Thus, as the City itself recognized, the City is liable for the total amount of damages awarded